UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TECNOMATIC, S.p.A. | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  Case: 1:11-cv-01652 |
| | ) |
| REMY, INC., HANSON SYSTEMS, | ) |
| LLC, D/B/A EAGLE TECHNOLOGIES | ) |
| GROUP, ODAWARA AUTOMATION, | ) |
| INC., REMY INTERNATIONAL, INC., | ) |
| DELCO REMY MEXICO, S.R.L. de | ) |
| C.V., REMY COMPONENTES S. de | ) |
| R.L. de C.V., and DOES 1-10, | ) |
| | ) |
| Defendants. | ) |

**THE REMY DEFENDANTS' MOTION TO DISMISS**

Defendants Remy, Inc., Remy International, Inc., Delco Remy Mexico, S.R.L. de C.V. ("Delco Remy"), and Remy Componentes S. de R.L. de C.V. ("Remy Componentes") (collectively "Remy" or "the Remy Defendants") respectfully move pursuant to Fed.R.Civ.P. 12(b) to dismiss this action against them based on improper venue, lack of personal jurisdiction, and failure to state claims upon which relief can be granted.[1]  Remy makes this motion (the "Motion") for the following reasons:

1.     On March 9, 2011, Tecnomatic, S.p.A. commenced this action by filing a fifteen-count, 46-page complaint against Remy and other defendants.  Twelve counts seek relief from Remy based on several different legal theories, including breach of contract, negligent and

---

[1] This Motion is submitted on behalf of each of the Remy Defendants; however, Delco Remy Mexico S.R.L. de C.V. is no longer a juridical entity, as it underwent a name change in 2004 and then merged into Remy Componentes in 2005.  Declaration of Jose Antonio Noguera C., attached as Exhibit B to the Memorandum in Support of this Motion to Dismiss, ¶ 5.

fraudulent misrepresentation, fraud, trade secret misappropriation, breach of fiduciary duty, federal, state, and common law unfair competition, the Lanham Act, and correction of inventorship in patent applications.

    2.    This case should be dismissed under Rule 12(b)(3) because Tecnomatic filed this lawsuit in an improper venue.

        a.    The Mutual Confidentiality Agreement ("CA") that Remy is alleged to have violated contains an exclusive jurisdiction clause requiring any disputes under or alleged violations of the CA to be litigated in the Southern District of Indiana.

        b.    Moreover, venue is not proper in this judicial district under 28 U.S.C. § 1391(b) because not all defendants reside in the same State (§ 1391(b)(1)), the events giving rise to the action did not occur in this district (§ 1391(b)(2)), and there is another district in which this case may be brought (§ 1391(b)(3)).

        c.    Remy, Inc. and Tecnomatic are parties to a closely-related case brought by Remy and pending in the Southern District of Indiana since 2008—Case No. 1:08-cv-01227-SEB-MJD—set for trial beginning October 3, 2011. Depending on this Court's ruling on this Motion, Remy, Inc. respectfully reserves the right to move to dismiss this action as a compulsory counterclaim in the Indianapolis case.

    3.    This case should also be dismissed under Rule 12(b)(2) as to Remy Componentes and Delco Remy for lack of personal jurisdiction. Delco Remy has not been a juridical entity since 2005 when its successor merged into Remy Componentes, and Remy Componentes is not subject to general or specific jurisdiction in Illinois, because it has no business presence in the state; makes no direct sales in the state; has no online sales; and no events connected to this litigation occurred in Illinois.

4. Finally, this case should be dismissed under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. Most of Tecnomatic's allegations are conclusory and fail to give the Defendants adequate notice.

5. Tecnomatic's complaint fails to state claims for the following reasons:

a. Counts I and II for breach of contract do not suggest that Tecnomatic is plausibly entitled to relief because they allege facts that neither place confidential or proprietary information within the protection of the CA, nor outside the scope of its authorized uses. Further, they fail to adequately identify that information. These flaws arise in part from Tecnomatic's calculated failure to attach to the Complaint the contracts under which Remy, Inc. purchased or leased the equipment at issue in this case, apparently hoping to avoid dismissal on the clear terms of those contracts and thus expose Remy to lengthy and expensive discovery and motion practice in this action.

b. Count III for negligent misrepresentation does not state a claim under Indiana law because liability on that tort outside the employee-employer context has been recognized rarely and only in special circumstances, as where a defendant was paid to give an expert opinion or guarantee, which are not the circumstances here.

c. Count IV for fraud fails to satisfy either the particularity requirements of *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009) and *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007), or of Rule 9(b). Tecnomatic also alleges false statements made concerning Remy's future conduct, which are not actionable, and it fails to allege detrimental reliance because the CA it entered allegedly because of false statements actually increased the protection of its confidential information. Any liability for misuse of that information would fall under breach of contract, not fraud.

    d. Count V for constructive fraud fails to allege facts to support the requisite special relationship between the parties giving rise to a duty and the other elements of fraud as described above.

    e. Count VI for trade secret misappropriation fails to identify the trade secrets, how they were used in a manner that was unauthorized, and how Remy knew that the use was unauthorized.

    f. Count VII for breach of fiduciary duty fails to show facts supporting a fiduciary relationship.  Indiana law does not predicate a fiduciary relationship based upon arms-length contractual negotiations.

    g. Count VIII for "federal unfair competition" fails because the Lanham Act codified and eliminated causes of action for federal unfair competition.

    h. Count IX for "state law unfair competition" fails to identify what law has been violated, and it claims that Remy confused the market as to the origin of the technology rather than the origin of the goods, which is not wrongful activity.

    i. Count X for "common law unfair competition" also does not allege any misconduct that would prove a violation of law.

    j. Count XI for false representation under the Lanham Act fails to allege that Tecnomatic is in commercial competition with Remy, a necessary element of a claim.  It also fails to allege a misrepresentation as to a false association created by Remy that would confuse the consumer.

    k. Count XII for correction of inventorship seeks relief under 35 U.S.C. § 116, which is a section that permits only the Director of the U.S. Patent Office to correct the named inventors on a pending patent, not the U.S. Courts.

6. Remy is filing in support of this Motion a Memorandum in Support and accompanying affidavits, which Remy respectfully incorporates herein by reference.

7. Remy is also filing herewith a companion and alternative motion to transfer venue of this action to the Southern District of Indiana.

WHEREFORE, Defendants Remy, Inc., Remy International, Inc., Delco Remy Mexico, S.R.L. de C.V., and Remy Componentes S. de R.L. de C.V. respectfully request that the Court dismiss the case for the reasons set forth above and grant such other relief as the Court deems just and appropriate.

        REMY, INC., REMY INTERNATIONAL, INC.
        REMY COMPONENTES, S. de R.L. de C.V.
        DELCO REMY S.R.L. de C.V.

        By:/s/ David M. Allen
            One of their attorneys

David M. Allen (#0032239)  
Colby Anne Kingsbury (#6272842)  
Trina K. Taylor (#6297760)  
311 S. Wacker Drive, Suite 4400  
Chicago, Illinois 60657  
Tel:   312-212-6500  
Fax:   312-212-6501  
david.allen@bakerd.com  
colby.kingsbury@bakerd.com  
trina.taylor@bakerd.com  

Joseph H. Yeager, Jr., *Admitted Pro Hac Vice*  
300 N. Meridian Street, Suite 2700  
Indianapolis, Indiana 46204  
Tel:   317-237-0300  
Fax:   317-237-1000  
jay.yeager@bakerd.com

**CERTIFICATE OF SERVICE**

    The undersigned, an attorney, states that he caused **The Remy Defendants' Motion to Dismiss** to be served on the individuals named below via the Court's CM/ECF notification system on May 20, 2011.

| | |
|---|---|
| Donald Alexander Cole | Charles P Rice |
| Kara Eve Foster Cenar | Boveri Murphy Rice, LLP |
| Mariangela M. Seale | 400 Plaza Building |
| Steven Patrick McKey | 210 South Michigan Street |
| Bryan Cave LLP | South Bend, IN 46601 |
| 161 North Clark Street | crice@bmrllp.com |
| Suite 4300 | |
| Chicago, IL 60601 | |
| donald.cole@bryancave.com | |
| kara.cenar@bryancave.com | |
| merili.seale@bryancave.com | |
| patrick.mckey@bryancave.com | |

James E. Michel
Barnes & Thornburg
One North Wacker Drive
Suite 4400
Chicago, IL 60606
jmichel@btlaw.com

                      By: /s/ David M. Allen
                           David M. Allen (#0032239)
                           Colby Anne Kingsbury (#6272842)
                           Trina K. Taylor (#6297760)
                           311 S. Wacker Drive, Suite 4400
                           Chicago, Illinois 60657
                           Tel:    312-212-6500
                           Fax:   312-212-6501
                           david.allen@bakerd.com
                           colby.kingsbury@bakerd.com
                           trina.taylor@bakerd.com

                           Joseph H. Yeager, Jr., *Admitted Pro Hac Vice*
                           300 N. Meridian Street, Suite 2700
                           Indianapolis, Indiana 46204
                           Tel:    317-237-0300
                           Fax:   317-237-1000
                           jay.yeager@bakerd.com

BDDB01 6670758v2