UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TECNOMATIC, S.p.A., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:11-cv-00991-JMS-TAB |
| ) | |
| REMY, INC., ) | |
| HANSON SYSTEMS, LLC, ) | |
| D/B/A EAGLE TECHNOLOGIES GROUP, ) | |
| ODAWARA AUTOMATION, INC., ) | |
| REMY INTERNATIONAL, INC., ) | |
| DELCO REMY MEXICO, S.R.L. de C.V., ) | |
| REMY COMPONENTES S. de R.L. de C.V., ) | |
| and DOES 1-10, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT HANSON SYSTEMS, LLC,
D/B/A EAGLE TECHNOLOGIES GROUP'S
<u>BRIEF SUPPORTING MOTION TO DISMISS</u>**

Defendant Hanson Systems, LLC, d/b/a Eagle Technologies Group ("Eagle"), submits this brief supporting its motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. The Court should grant Eagle's motion to dismiss because:

(1) Tecnomatic's trade-secrets claim (Count VI) against Eagle is barred by the statute of limitations;

(2) the claims against Eagle for tortious interference with contract (Count XIII) and tortious interference with business relations (Count XIV) are barred by the statute of limitations; and

(3) the unjust-enrichment claim (Count XV) is preempted by the Uniform Trade Secrets Act and duplicative of the trade-secrets claim.

- 1 -

**I.        Tecnomatic's Trade-Secrets Claim is Barred by the Statute of Limitations.**

Tecnomatic's Complaint asserts a state-law claim against Eagle and the other defendants for alleged misappropriation of trade secrets (Count VI).  However, that claim is time-barred.

"When its jurisdiction is based on diversity of citizenship, a federal court is obliged to apply the statute of limitations of the state in which it sits." *Reinke v. Boden,* 45 F.3d 166, 170 (7th Cir. 1995) (*citing Guaranty Trust Co. of New York v. York*, 326 U.S. 99, 110 (1945)); *Malone v. Bankhead Enterprises, Inc.*, 125 F.3d 535, 537 (7th Cir. 1997) (*quoting Reinke*, 45 F.3d at 170).  Thus, this Court should apply Indiana's statute of limitations. *Id*.  Moreover, according to Tecnomatic's own Complaint, (1) the alleged misappropriation of trade secrets arose out of Remy's "collusion with Eagle, Odawara and possibly others" in violation of a Mutual Confidentiality Agreement that Remy had with Tecnomatic (Dkt. 1, ¶ 7), and (2) the business relationship between Remy and Tecnomatic was governed by an agreement that expressly states "the internal laws of the State of Indiana" control.[1]

Indiana's Trade Secrets Act provides:

> An action for misappropriation must be brought within three (3) years after the misappropriation is discovered or by the exercise of reasonable diligence should have been discovered.  For purposes of this section, a continuing misappropriation constitutes a single claim.

Ind. Code § 24-2-3-7.  Therefore, because Tecnomatic waited until March 9, 2011, to file its Complaint, the trade-secrets claim is barred by the three-year statute of limitations if "the misappropriation is discovered or by the exercise of reasonable diligence should have been discovered" **before March 9, 2008.**

---

[1] *See* Dkt. 1, pp. 10-16, ¶¶ 52-90; Dkt. 1-3 (Ex. C), p. 4 ("This Agreement shall be governed by and construed in accordance with the internal laws of the State of Indiana and both parties submit to the exclusive jurisdiction of the United States District Court for the Southern District of Indiana to resolve any disputes under or alleged violations of this Agreement.").  This forum-selection clause served as an alternative basis for transfer of this action to the Southern District of Indiana. *See* Dkt. 69, pp. 1, 4-6.

Tecnomatic's own Complaint shows that the trade-secrets claim is time-barred. Section R of the Complaint outlines alleged "**First Quarter 2007 Misappropriation**" by the defendants. Dkt. 1, p. 28, § R (bold in original). The alleged "misappropriation" occurred when Remy "began to systematically transfer Tecnomatic drawings and Tecnomatic confidential information to others, such as Eagle and Odawara that are not entitled to access or use of such information." *Id*. at ¶ 161. The Complaint asserts that, after a "January 2007 covert meeting," Remy "contacted Eagle and Odawara in or about January 2007 and requested that Eagle and Odawara mirror, duplicate and/or otherwise copy the Tecnomatic equipment." *Id*. at ¶ 136. Then, "sometime between February 2007 and March 2007," Eagle and other defendants entered Remy's facility in Mexico and "began to photograph and otherwise access Tecnomatic's proprietary information and confidential information in violation of the Agreement and Extension Confidentiality Agreement." *Id*. at ¶ 138. "On March 26, 2007, counsel for Tecnomatic, Roger Blackely, sent a letter to Remy" complaining about these alleged activities. *Id*. at ¶ 139.

As the Seventh Circuit has stated, "dismissal under Rule 12(b)(6) on the basis of a limitations defense may be appropriate when the plaintiff effectively pleads [it]self out of court by alleging facts that are sufficient to establish the defense." *Hollander v. Brown* , 457 F.3d 688, 691 n.1 (7th Cir. 2006). That is what has happened here. Tecnomatic's own Complaint concedes and describes alleged "**First Quarter 2007 Misappropriation**" and knowledge by Tecnomatic's Roger Blackely on "March 26, 2007," regarding alleged misappropriation.[2] As a result, the

---

[2] "Under Indiana's discovery rule, a cause of action accrues and the statute of limitations begins to run when the plaintiff knew or could have discovered an injury." *King v. Terry*, 805 N.E.2d 397, 400 (Ind. Ct. App. 2004). "It is not necessary that the full extent of the injury be known." *Id.* at 400; *see also Shideler v. Dwyer*, 417 N.E.2d 281, 289 (Ind. 1981) ("For a wrongful act to give rise to a cause of action and thus to commence the running of the statute of limitations, it is not necessary that the extent of the damage be known or ascertainable but only that damage has occurred.").

three-year statute of limitations for the trade-secrets claim expired in March 2010 – a year before Tecnomatic filed its Complaint against Eagle and the other defendants.

In its Complaint, Tecnomatic contends Illinois law applies. *See, e.g.*, Dkt. 1, ¶ 257 ("a violation of Illinois' Unfair Competition law") & ¶ 264 ("Illinois common law"). However, the United States Supreme Court has reaffirmed "the proposition that if a State has only an insignificant contact with the parties and the occurrence or transaction, application of its law is unconstitutional." *Allstate Ins. Co. v. Hague*, 449 U.S. 302, 310-11 (1981). Here, application of Illinois law would be improper because Illinois has insignificant contacts with the parties and the underlying events upon which Tecnomatic's action is based. As the Northern District of Illinois correctly determined in transferring this action to the Southern District of Indiana, "there is no connection to Illinois" regarding the alleged "collusion" to misappropriate Tecnomatic's technology, and "none of the parties resides in" the Northern District of Illinois (Dkt. 69, p. 3). Tecnomatic did not appeal or otherwise challenge the Court's transfer ruling.[3]

Moreover, whether Illinois or Indiana law applies is a moot point because the same result would occur if the Court instead were to apply Illinois law. Under "the Illinois borrowing act," a court applying Illinois's statute of limitations is obligated to apply another state's shorter limitations period for claims arising outside of Illinois. *Malone v. Bankhead Enterprises, Inc.*,

---

[3] Because "there is no connection to Illinois" regarding the alleged "collusion" to misappropriate Tecnomatic's technology, and "none of the parties resides in" the Northern District of Illinois (Dkt. 69, p. 3), venue in the Northern District of Illinois was improper in the first place under 28 U.S.C. § 1391(b). Moreover, this action could not have been maintained in the Northern District of Illinois because of the forum-selection provision in the Remy/Tecnomatic contract. Dkt. 69, pp. 1, 4-6. Accordingly, the general rule in *Van Dusen v. Barrack*, 376 U.S. 612 (1964), is inapplicable here. In *Van Dusen*, the Supreme Court held that, following transfer under 28 U.S.C. § 1404(a), the transferee court must generally follow the choice-of-law rules that prevailed in the transferor court. *Id*. at 639-640. However, the *Van Dusen* rule "applies only if the action could have been maintained in the original forum." *Davis v. Costa-Gavras*, 580 F.Supp. 1082, 1086 (S.D.N.Y. 1984) (citing cases). "This qualification prevents plaintiffs from filing wherever the law is most favorable in order to capture that forum's law and carry it with them on transfer to a proper venue." *Id*.

125 F.3d 535, 538 (7th Cir. 1997); *see also* 735 ILCS 5/13-210 ("Foreign limitation. When a cause of action has arisen in a state or territory out of this State, or in a foreign country, and, by the laws thereof, an action thereon cannot be maintained by reason of the lapse of time, an action thereon shall not be maintained in this State."). Tecnomatic's Complaint does not even allege that any events took place in Illinois or that Tecnomatic, an Italian company, was injured in Illinois as a result. And the Northern District of Illinois correctly determined that "a substantial part of the events giving rise to the claim occurred in the Southern District of Indiana" (Dkt. 69, p. 2).

Thus, regardless of whether the Court applies Indiana law or Illinois law, Tecnomatic's state-law claim for alleged misappropriation of trade secrets (Count VI) is barred by the statute of limitations.

## II. Tecnomatic's Claims for Tortious Interference with Contract and Tortious Interference with Business Relations Are Barred by the Statute of Limitations.

Tecnomatic's Complaint also asserts state-law claims against Eagle for tortious interference with contract (Count XIII) and tortious interference with business relations (Count XIV). These claims are also time-barred.

As previously indicated, "[w]hen its jurisdiction is based on diversity of citizenship, a federal court is obliged to apply the statute of limitations of the state in which it sits." *Reinke,* 45 F.3d at 170. Moreover, according to Tecnomatic's Complaint, the business relationship between Tecnomatic and Remy – with which Eagle allegedly tortiously interfered – was governed by an agreement that expressly states "the internal laws of the State of Indiana" control. *See* Dkt. 1, pp. 10-16, ¶¶ 52-90; Dkt. 1-3 (Ex. C), p. 4.

Under Indiana law, a two-year statute of limitations applies to a claim for tortious interference with contract and for tortious interference with business relations. *See GL Industries of Michigan, Inc. v. Forstmann-Little*, 800 F.Supp. 695, 700 (S.D.Ind. 1991); *Firth v. Yahoo! Inc.*, 2010 WL 2696286, *4 (N.D.Ind. 2010) ("A two-year statute of limitations applies to a tortious interference with contract claim in Indiana."); *Kaken Pharmaceutical Co., Ltd. v. Eli Lilly and Co.*, 737 F.Supp. 510, 520 (S.D.Ind. 1989) ("The damage occurred here when the 224 patent issued. Because the plaintiff filed its suit more than two years later, the causes of action for tortious interference with contract and business relations are barred . . . ."); Ind. Code § 34-11-2-4 (two-year statute of limitations for injury to personal property).

Tecnomatic waited until March 9, 2011, to file its Complaint against Eagle and the other defendants. Dkt. 1, p. 1. Therefore, Tecnomatic's tortious-interference claims are barred by the two-year statute of limitations if they accrued **before March 9, 2009.**

Tecnomatic's own Complaint shows that the tortious-interference claims are time-barred. Paragraph 172 of the Complaint alleges:

> On **May 12, 2008**, the Remy Defendants 'terminated' the overall relationship with Tecnomatic, including the Capital Lease. Remy thereafter took steps to get a full return of any money paid to Tecnomatic over the term of the Capital Lease. In **September 2008**, Remy 'revoked' certain purchase orders.

Dkt. 1, p. 30, ¶ 172 (bold added).

A claim for tortious interference with contract or business relations accrues, at the latest, when the underlying contract is breached or the underlying business relationship is terminated. *Hi-Lite Products Co. v. American Home Products Corp.*, 11 F.3d 1402, 1410 (7th Cir. 1993). As the Seventh Circuit has stated:

> It is a contradiction in terms to say that there can be a continuous procuring of a breach of a contract after the breach has actually occurred. Rather, a tortious interference with contract claim accrues when the contract is breached. Similarly, a tortious interference with prospective advantage accrues when the prospective advantage is interfered with.

*Id*. (internal quotation and citations omitted).[4]

Stated differently, Eagle cannot be guilty of "tortious interference" with a contract **after** that contract has been breached. And Eagle cannot be guilty of "tortious interference" with a business relationship **after** that business relationship has been terminated.

Tecnomatic, again, has pleaded itself out of court. *See Hollander*, 457 F.3d at 691 n.1 ("dismissal under Rule 12(b)(6) on the basis of a limitations defense may be appropriate when the plaintiff effectively pleads [it]self out of court by alleging facts that are sufficient to establish the defense"). Tecnomatic's own Complaint concedes that the "overall relationship" between Tecnomatic and Remy, including the Capital Lease, terminated on "May 12, 2008" (Dkt. 1, p. 30, ¶ 172). Thus, the two-year statute of limitations for the tortious-interference claims expired, at the latest, on May 12, 2010 – about 10 months before Tecnomatic filed its Complaint.[5]

---

[4] *See Hi-Lite*, 11 F.3d at 1410 ("We do note, however, that if Boyle-Midway's tortious conduct interfered with Hi-Lite's contracts or prospective advantages before December 30, 1986, the statute of limitations would bar recovery for claims based on these interferences. *Howard T. Fisher & Assoc., Inc. v. Shinner Realty Co.,* 24 Ill.App.2d 216, 164 N.E.2d 266, 272 (1960). This is true even if Boyle-Midway's tortious conduct continued after December 30, 1986. *Id.* 'It is a contradiction in terms to say that there can be a continuous procuring of a breach of a contract after the breach has actually occurred.' *Id.* Rather, a tortious interference with contract claim accrues when the contract is breached. *Id.* Similarly, a tortious interference with prospective advantage is interfered with. Accordingly, Hi-Lite may not recover for Boyle-Midway's interference with contracts or prospective advantages which occurred before December 30, 1986. For example, Hi-Lite cannot recover for Boyle-Midway's tortious interference with contract which allegedly caused Bell South to cancel its orders in October of 1986 because Bell South's breach occurred before December 30, 1986."). *See also Howard T. Fisher & Assoc., Inc. v. Shinner Realty Co.*, 164 N.E.2d 266, 272 (Ill. App. 1960) ("It is apparent from the record that the breach of the contract occurred on January 19, 1950. Either at or before that time Ernest G. Shinner's alleged tortious conduct in inducing the breach must have taken place. It is a contradiction in terms to say that there can be a continuous procuring of a breach of a contract after the breach has actually occurred.").

[5] As previously discussed, under the Illinois Borrowing Act, the same result would occur if the Court instead were to apply Illinois law. *See*, *supra*, pp. 4-5.

### III. Tecnomatic's Unjust-Enrichment Claim is Preempted by the Uniform Trade Secrets Act and Duplicative of the Trade-Secrets Claim.

Finally, Tecnomatic asserts a claim for "unjust enrichment" against Eagle and other defendants (Count XV). As Tecnomatic's Complaint indicates, the unjust-enrichment claim is based on the same operative "facts" supporting the trade-secrets claim. *See* Dkt. 1, ¶ 307 (basing unjust-enrichment claim on "the above wrongful acts" discussed in the common allegations). Tecnomatic seeks "restitution" from Eagle for its alleged unjust enrichment. *Id*. at ¶ 309.

Both Indiana and Illinois have adopted the Uniform Trade Secrets Act ("UTSA"). Indiana's UTSA expressly states that it "displaces all conflicting law of this state pertaining to the misappropriation of trade secrets, except contract law and criminal law." Ind. Code § 24-2-3-1(c).[6] Likewise, Illinois's UTSA also "is intended to displace conflicting tort, restitutionary, unfair competition, and other law of this State providing civil remedies for misappropriation of a trade secret." 765 ILCS 1065/8(a). Thus, regardless of whether Indiana law applies (as defendants contend) or Illinois law applies (as Tecnomatic incorrectly contends[7]), Tecnomatic's "unjust enrichment" claim is preempted ("displaced") by the UTSA.

As the Seventh Circuit has made clear, "[u]nless defendants misappropriated a (statutory) trade secret, they did no legal wrong." *Composite Marine Propellers, Inc. v. Van Der Woude*, 962 F.2d 1263, 1265 (7th Cir. 1992). For this reason, federal courts have repeatedly held that the UTSA "displaces" common-law claims, including claims for unjust enrichment, arising out of a defendant's alleged misuse of plaintiff's confidential and proprietary information. *See, e.g.,*

---

[6] Tecnomatic does not allege any "contract law" claim against Eagle.

[7] As previously discussed, application of Illinois law would be improper here because that state has insignificant contacts with the parties and the underlying events upon which Tecnomatic's action is based. *See Allstate Ins. Co. v. Hague*, 449 U.S. 302, 310-11 (1981) (reaffirming "the proposition that if a State has only an insignificant contact with the parties and the occurrence or transaction, application of its law is unconstitutional").

*Chatterbox, LLC v. Pulsar Ecoproducts, LLC*, 2007 WL 1388183, *4 (D. Idaho 2007) (unjust-enrichment claim preempted by Idaho UTSA); *Fox Controls, Inc. v. Honeywell, Inc.*, 2002 WL 1949723, *2 (N.D. Ill. 2002) ("All of the factual allegations amount to a claim that Honeywell misused Fox Controls' confidential and proprietary information.  The contentions are simply restatements of plaintiff's claim for misappropriation of trade secrets, and are thus preempted by the ITSA."); *Thomas & Betts Corp.*, 108 F.Supp.2d 968, 973 (N.D. Ill. 2000) ("These factual allegations though lengthy, simply describe how defendants used the confidential information taken from T&B.  As such, the allegations are a restatement of T&B's misappropriation of trade secrets claim."); *Glasstech, Inc. v. TGL Tempering Systems, Inc.*, 50 F.Supp.2d 722, 731 (N.D.Ohio 1999) (unjust-enrichment claim preempted by Ohio UTSA); *Learning Curve Toys, L.P. v. Playwood Toys, Inc.*, 1999 WL 529572, * 3 (N.D.Ill. 1999) ("The purpose of the ITSA was to codify all the various common law remedies for theft of ideas. . . .  Thus, plaintiffs who believe their ideas were pilfered may resort only to the ITSA; the alleged theft of ideas cannot support multiple claims under different theories of recovery.) (unjust-enrichment claim preempted); *Web Communications Group, Inc. v. Gateway 2000, Inc.*, 889 F.Supp. 316, 321 (N.D. Ill. 1995) (unjust-enrichment claim preempted by Illinois UTSA); *Hutchison v. KFC Corp.*, 809 F.Supp. 68, 71 (D.Nev. 1992) (unjust-enrichment claim preempted by Nevada UTSA).

Moreover, preemption under the UTSA applies regardless of whether a plaintiff's confidential and proprietary information rises to the level of a "trade secret" because to hold otherwise would render the UTSA's preemption provision "meaningless."  *Thomas & Betts*, 108 F.Supp.2d at 972-73; *see also Fox Controls*, 2002 WL 1949723, at *3.

Finally, "[u]nder Indiana law, equitable principles such as unjust enrichment will not apply where there exists a remedy at law." *Indiana ex. rel. Zoeller v. Pastrick*, 696 F.Supp.2d 970, 981 n.7 (N.D.Ind. 2010).  The UTSA provides the exclusive means to remedy "unjust enrichment caused by misappropriation" (Ind. Code § 24-2-3-4), and Tecnomatic's separate common-law claim for "unjust enrichment" seeking "restitution" is barred and should be stricken as duplicative.  *See* Fed. R. Civ. P. 12(f) ("redundant" matter may be stricken from pleading).

**IV.   Conclusion.**

For these reasons, pursuant to Federal Rule 12(b)(6), Eagle requests that the Court:

(1)   dismiss the trade-secrets claim (Count VI) because it is barred by the statute of limitations;

(2)   dismiss the claims for tortious interference with contract (Count XIII) and tortious interference with business relations (XIV) because they are barred by the statute of limitations; and

(3)   dismiss the unjust-enrichment claim (Count XV) because it is preempted by the Uniform Trade Secrets Act and duplicative of the trade-secrets claim.

Additionally, Eagle requests that the Court grant all other just and proper relief.

Respectfully submitted:

/s/ *Patrick D. Murphy*                         .
Patrick D. Murphy (14312-49)
Charles P. Rice (14640-71)
Boveri Murphy Rice, LLP
400 Plaza Building
210 South Michigan Street
South Bend, IN  46601
574-232-0300
574-232-0400 (fax)
pmurphy@bmrllp.com
crice@bmrllp.com

***Attorneys for Defendant Hanson Systems, LLC, d/b/a Eagle Technologies Group***

- 10 -

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing document, "Defendant Hanson Systems, LLC, d/b/a Eagle Technologies Group's Brief Supporting Motion to Dismiss," was electronically filed on August 10, 2011, with the Clerk of the Court using CM/ECF system, which sent electronic notification of such filing to the following counsel of record:

S. Patrick McKey (patrick.mckey@bryancave.com);
Kara E. F. Cenar (kara.cenar@bryancave.com);
Paula L. Zecchini (paula.zucchini@bryancave.com);
Mariangela M. Seale (merili.seal@bryancave.com);
Donald A. Cole (donald.cole@bryancave.com);
Andrew C. Warnecke (andrew.warnecke@bryancave.com);
James E. Michel (jmichel@btlaw.com);
Joseph H. Yeager, Jr. (jay.yeager@bakerd.com);
David M. Allen (david.allen@bakerd.com);
Colby Anne Kingsbury (colby.kingsbury@bakerd.com);
Trina K. Taylor (trina.taylor@bakerd.com); and
Victoria L. Nilles (Victoria.Nilles@ThompsonHine.com).

/s/ *Patrick D. Murphy*         .
Patrick D. Murphy (14312-49)