UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TECNOMATIC, S.P.A., ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | NO. 1:11-cv-00991-SEB-MJD |
| ) | |
| REMY, INC., ) | |
| HANSON SYSTEMS, LLC D/B/A EAGLE ) | |
| TECHNOLOGIES GROUP, ) | |
| ODAWARA AUTOMATION, INC., ) | |
| REMY INTERNATIONAL, INC., ) | |
| DELCO REMY MEXICO, S.R.L. DE ) | |
| C.V., ) | |
| REMY COMPONENTES S. DE R.L. DE ) | |
| C.V., ) | |
| 1-10 DOES, ) | |
| ) | |
| Defendants. ) | |

## Order on Pending Motion

This matter comes before the Court on Tecnomatic S.p.A's Motion to Compel Access to All Production Components. [Dkt. 130]  The Court, being duly advised, now **DENIES** the motion for the reasons set forth below.

### I. Background

In 2004, Remy, Inc. ("Remy") engaged Tecnomatic S.p.A. ("Tecnomatic") to design and manufacture a production system for parts for an electric motor.  After Tecnomatic delivered most of the ordered components, Remy alleged that the equipment was delivered late and did not meet specifications.  Remy discontinued use of several of the components it had purchased from Tecnomatic and replaced them with components made by other manufacturers.  Remy then brought suit against Tecnomatic for breach of contract and breach of express and implied warranties.

1

In August, 2009, Remy and Tecnomatic moved for the entry of an agreed protective order to preserve the confidentiality of proprietary information and trade secrets during litigation. [08-1227 Dkt. 44.] The protective order defined what information could be designated as "confidential" and "highly confidential," and outlined the procedures to be followed for appropriately designated information in each category. [08-1227 Dkt. 45.]

The dispute resulting in Tecnomatic's Motion to Compel Access to All Production Components arose after Remy designated its Phase II production line as "highly confidential" and barred one of Tecnomatic's in-house engineers, Maurillio Micucci, from examining the line in its entirety. An outside expert hired by Tecnomatic was, however, permitted to inspect the equipment. Tecnomatic contends that it will be prejudiced if Mr. Micucci is not permitted to examine the Phase II equipment. Tecnomatic also contends that Remy waived its right to designate the line as "highly confidential" due to its belated designation and prior disclosure of information regarding its manufacturing process.

## II. Discussion

A protective order allows a party to litigation to protect trade secrets and other confidential information in order to preserve its competitive advantage. The Federal Rules of Civil Procedure permit the Court to enter a protective order "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." Fed. R. Civ. P. 26(c)(1)(G).

More than two years ago, Remy and Tecnomatic voluntarily agreed to abide by an order to protect their respective trade secrets and other confidential information during the course of the present dispute. [08-1227 Dkt. 45.] The protective order states that "current and past … methods, procedures, and processes relating to the manufacture or production of automotive equipment, parts, or systems" may be designated as "highly confidential." [*Id*. at 4.] The order dictates that "highly confidential" information may be shared with certain individuals involved in the litigation, including experts retained to assist with the litigation. [*Id*.] However, the order stipulates that such an expert cannot be a current employee of the party. [*Id*. at 4-5.]

Remy's current Phase II manufacturing process clearly qualifies as information which may be designated as "highly confidential" under the protective order. Therefore, Remy is

entitled to exclude an employee of Tecnomatic, such as Mr. Micucci, from accessing information related to that manufacturing process. This outcome is consistent with the original objective for imposing the protective order – to protect the parties' trade secrets and competitive advantages.

Tecnomatic has argued that, regardless of the clear parameters for disclosure set out in the protective order, Mr. Micucci should now be permitted to inspect the Phase II equipment to avoid prejudice to Tecnomatic's case. However, if Tecnomatic intended to rely on Mr. Micucci's testimony regarding the Phase II equipment, it should have addressed the issue in the protective order at the time it was originally proposed. Tecnomatic agreed to the protocols set forth in the protective order, and Remy was entitled to rely upon that agreement in enforcing that protocol now. Tecnomatic knew as early as August, 2009, when the protective order was entered that, if it elected to rely upon an in house expert, such as Mr. Micucci, such expert would not be allowed access to information, such as the Plase II equipment, which met the protective order's definition of "highly confidential." The risk that Remy would designate the Phase II line as "highly confidential" was one that Tecnomatic assumed when it chose to rely upon Mr. Micucci instead of an outside expert. In any event, it appears that Tecnomatic's case will not be prejudiced by Mr. Micucci's inability to inspect the Phase II equipment, because Tecnomatic's outside expert has inspected the Phase II line in its entirety and may testify regarding his impressions with regard thereto.

Tecnomatic has also argued that Remy waived its right to designate the process as "highly confidential." Tecnomatic bases this argument on two factors. First, Tecnomatic alleges that Remy waived its right by waiting too long to designate the process "highly confidential." However, the timing of Remy's designation is not a consideration here. It should have been obvious from the time the parties agreed to the order that, according to the clear and unequiviocal language of the protective order, Remy's current manufacturing process would be protected as "highly confidential." Additionally, Remy made the designation at the point Tecnomatic attempted to have Mr. Micucci analyze the equipment; the Court finds Remy's designation to have been timely in the circumstances.

Second, Tecnomatic alleges that Remy waived its right to designate the Phase II lines as "highly confidential" when it allowed Mr. Micucci to be present during deposition testimony in

which the Phase II process was described. This argument also fails. The information relayed during the testimony was of a general nature, and an engineer could not have replicated the Phase II equipment merely from hearing the testimony at the deposition. In contrast, it is plausible that an engineer could build similar equipment after completing a thorough, direct inspection of a competitor's machinery. Direct inspection by Tecnomatic's in-house engineer is much more likely to result in the loss of Remy's competitive advantage. Therefore, Remy was justified in allowing generalized information regarding the system to be disclosed yet barring complete disclosure of a visual inspection of the equipment to Tecnomatic's employee. Remy has not waived its right to designate the Phase II equipment as "highly confidential."

### III. Conclusion

For the reasons stated above, Tecnomatic's Motion to Compel Access to All Production Components is **DENIED**. [Dkt. 130]

Dated:    09/27/2011

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution List:
David M. Allen
BAKER & DANIELS LLP-Chicago
david.allen@bakerd.com

Kara E. F. Cenar
BRYAN CAVE LLP
kara.cenar@bryancave.com

Donald  Cole
Byan Cave LLP.
donald.cole@bryancave.com

Ryan Michael Hurley
BAKER & DANIELS - Indianapolis
ryan.hurley@bakerd.com

David P. Irmscher
BAKER & DANIELS
david.irmscher@bakerd.com

Colby Anne Kingsbury

4

BAKER & DANIELS LLP
colby.kingsbury@bakerd.com

Thomas A. Knoth
THOMPSON HINE LLP
tom.knoth@thompsonhine.com

S. Patrick McKey
BRYAN CAVE LLP
patrick.mckey@bryancave.com

Patrick David Murphy
BOVERI MURPHY RICE  LLP
pmurphy@bmrllp.com

Fred Anthony Paganelli
TAFT STETTINIUS & HOLLISTER LLP
paganelli@taftlaw.com

Charles P. Rice
BOVERI MURPHY RICE, LLP
crice@bmrllp.com

Mariangela M. Seale
BRYAN CAVE LLP
merili.seale@bryancave.com

Trina Kissel Taylor
BAKER & DANIELS LLP-Chicago
trina.taylor@bakerd.com

Andrew C. Warnecke
Bryan Cave LLP
andrew.warnecke@bryancave.com

Scott A. Weathers
THE WEATHERS LAW OFFICE
scott@sawlaw.net

Joseph H. Yeager Jr
BAKER & DANIELS - Indianapolis
jhyeager@bakerd.com

Paula L Zecchini
BRYAN CAVE LLP
paula.zecchini@bryancave.com