UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| REMY INC. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| TECNOMATIC, S.P.A., ) | |
| ) | |
| Defendant, ) | |
| _____ ) | No. 1:11-cv-00991-SEB-MJD |
| TECNOMATIC, S.P.A., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| REMY, INC., ) | |
| HANSON SYSTEMS, LLC D/B/A EAGLE ) | |
| TECHNOLOGIES GROUP, ) | |
| ODAWARA AUTOMATION, INC., ) | |
| REMY INTERNATIONAL, INC., ) | |
| DELCO REMY MEXICO, S.R.L. DE C.V., ) | |
| REMY COMPONENTES S. DE R.L. DE ) | |
| C.V., ) | |
| 1-10 DOES, ) | |
| ) | |
| Defendants. ) | |

**ORDER ON ODAWARA'S
MOTION FOR PROTECTIVE ORDER [DKT. 298]**

This matter is before the Court on Odawara Automation, Inc.'s ("Odawara") Motion for Protective Order. [Dkt. 298.] The Court held a hearing on this motion on August 15, 2012, at which the Remy Defendants ("Remy"), Tecnomatic, S.P.A. ("Tecnomatic"), and Odawara appeared by counsel. The Court, being duly advised, **GRANTS IN PART** and **DENIES IN PART** the Motion for Protective Order as follows:

1

There are four categories that Odawara argues should be covered under a protective order: a) information pertaining to parent and sister corporations of Odawara; b) Odawara's general financial and corporate information; c) jurisdictional contacts; and d) information that Tecnomatic has identified as a trade secret. These categories are specifically addressed with regard to Tecnomatic's Notice of Rule 30(b)(6) Deposition of Defendant of Odawara Automation, Inc. [Dkt. No. 299-1.] The Court will address each individual topic in the Notice.

The Court strikes the portion of topic number 1 referring to parent and/or sister corporations based on Tecnomatic's representation that the topic was intended to be limited to documents in Odawara's possession [Dkt. 357 at 146]; accordingly, the request will read "The identification and authentication of all documentation, items and tangible things produced by Odawara in this consolidated action."

The Court denies Odawara's request for a protective order regarding topic number 2: "The nature and business of Odawara, as well as those of its parent corporation(s) and/or sister corporation(s)." Odawara cites to document request cases to support its position that it should not have to provide this information. Most certainly, one company does not have to produce documents held by another company; however, that is not the case here. A Rule 30(b)(6) deponent is required to educate himself or herself as to the corporate knowledge of the entity on behalf of which he or she is testifying. With regard to this topic, Odawara's general understanding of the business engaged in by its parent and sister corporations is a proper category of inquiry.

Topic number 3 concerns "The corporate organizational [sic] and/or structure and any operational policies of Odawara, as well as those of its parent corporation(s) and/or sister corporation(s), including the identification of all executives, management, officers and directors

2

of Odawara, as well as those of its parent corporation(s) and/or sister corporation(s), from 2005 through the present." The Court will allow this topic with the following caveat: The Court finds sufficient basis exists to allow Tecnomatic's examination on this topic with regard to Odawara's parent corporation, Odawara Engineering; however, with regard to any of Odawara's sister corporations, Tecnomatic must first conduct sufficient inquiry to establish that such sister corporation bears some relevance to this matter and, if there are other sister companies that have nothing to do with this matter, Tecnomatic should cease its inquiry regarding such companies.

Topic 4 involves "The roles of Odawara, as well as those of the parent corporation(s) and/or sister corporation(s), in marketing and selling products within the United States." At the hearing, Tecnomatic limited this topic to "the products at issue in this case," [Dkt. 357 at 160], meaning the products sold by Odawara to Remy. With that modification, Odawara's motion for protective order on this topic is denied.

Topic 5 deals with "The roles of Odawara, as well as those of its parent corporation(s) and/or sister corporation(s), in the design, development and/or production of the Phase II machinery for the Remy Defendants in Mexico or elsewhere." The Court finds this to be a proper topic of inquiry and Odawara's motion for protective order on this topic is denied.

The Court finds topic number 6 to be proper and Odawara's motion for protective order with regard thereto is denied.

Odawara withdrew its objections to topic number 7. [Dkt. 357 at 164.]

Tecnomatic withdrew topic numbers 8 and 9 because they fell within the scope of inquiry of topic number 5. [Dkt. 357 at 165.]

Topic 10 deals with "The nature and business of annual or special meetings conducted by the shareholders, owners and or directors of Odawara, as well as those of its parent(s) and/or

sister corporation(s), since 2005." The parties agreed this topic would be acceptable if limited to high voltage hairpin projects. Accordingly, the Court will deny Odawara's motion for protective order and allow the topic with the following additional language so that this topic states: "The nature and business of annual or special meetings conducted by the shareholders, owners and or directors of Odawara, as well as those of its parent corporation(s) and/or sister corporation(s) *relating to high voltage hairpin projects*, since 2005."

The Court grants Odawara's motion for protective order with regard to topic numbers 11 and 12, without prejudice to Tecnomatic's right to propose topics properly tailored to the matters at issue in this action.

Odawara's motion for protective order is granted as to topic numbers 13, 15, 17, 25 and 26. The Court finds that, at this time, these topics are not sufficiently related to a claim or defense in the case and are too broad to be sufficiently narrowly tailored to relate to a claim or defense. This ruling is without prejudice to Tecnomatic's right to limit its inquiry to permissible topics or to subsequently demonstrate that these topics may fall within the permissible limits of discovery based upon subsequently discovered information.

Tecnomatic withdrew topic number 14. [Dkt. 357 at 176-177.]

Topic 16 deals with "The procurement and source of any insurance covering Odawara, as well as those of its parent corporation(s) and/or sister corporation(s) since 2005." With Tecnomatic's agreement [Dkt. 357 at 179], the Court strikes the latter portion of this topic so the topic will read "The procurement and source of any insurance covering Odawara *relating to the claims in this matter*."

Tecnomatic agrees to limit topic 18 to Odawara only. [Dkt. 357 at 180.] Accordlingly, this request will read: "The record keeping location(s) and record retention policy(ies) of Odawara since 2005."

The Court finds topic number 19 a proper subject of inquiry and Odawara's motion for protective order with regard to that topic is denied.

With the parties' agreement [Dkt. 357 at 182], the Court amends topic 20 so that it reads "The details of each instance in which a present or former employee, agent, officer, director, or executive of Odawara's parent corporation(s) and/or sister corporation(s) has been present in the United States *relating to high voltage hairpin projects* since 2005, and specifically when they have been present at the business location of Odawara and/or Remy.

With the parties' agreement [Dkt. 357 at 183], the Court similarly amends topic 21 so that it reads "The details of each time Odawara, its parent corporation(s), and/or sister corporation(s) have issued joint marketing materials, either hard copy or electronically, *relating to high voltage hairpin projects* since 2005."

Technomatic withdrew topic number 22. [Dkt. 357 at 184.]

With the agreement of the parties [Dkt. 357 at 185], topic number 23 is amended to read: "The details of any time between 2005 and the present when Odawara's parent corporation(s) and/or sister corporation(s) provided technical service and/or other support to Odawara *relating to high voltage hairpin projects*."

With the parties' agreement [Dkt. 357 at 186-87], the Court amends topic 24 so that it reads "The role of Odawara's parent corporation(s) and/or sister corporation(s) in supporting or servicing the products and/or machinery and/or technology, *relating to high voltage hairpin projects*, provided by Odawara to Remy."

With the parties' agreement [Dkt. 357 at 188], the Court amends topic 27 so that it reads "Joint sponsorship of promotional activities by Odawara and/or its parent corporation(s) and/or sister corporation(s) *relating to high voltage hairpin projects*."

With the parties' agreement [Dkt. 357 at 188-89], the Court amends topic 28 so that it reads "The knowledge of Odawara and/or *information provided by Odawara to* its parent corporation(s) and/or sister corporation(s) of activities being undertaken in the United States, Mexico and/or elsewhere for Remy Defendants named in this action *relating to high voltage hairpin projects*."

Odawara withdrew any objections to topic numbers 29 and 30. [Dkt. 357 at 189.]

With the Court's general admonition regarding the scope of inquiry regarding Tecnomatic's alleged trade secrets [Dkt. 357 at 191], Odawara's request for protective order as to topic number 31 is denied, without prejudice to Odawara's right to object to specific inquiries on the grounds Tecnomatic has failed to sufficiently identify its alleged trade secrets to allow adequate opportunity to prepare a witness to testify as to such inquiry.

The Court also rules on Odawara's general objections to Tecnomatic's Notice of Rule 30(b)(6) Deposition [Dkt. No. 299-5.] The Court rules as follows:

General Objection number 1 is denied as moot as the parties agreed to schedule a deposition date. General Objection number 2 is denied as moot as the deposition will take place in Dayton, Ohio. General Objection numbers 3, 6, 7, 8, 10 and 14 are denied as moot for the reasons set forth in addressing each of Odawara's specific objections above. General Objection number 4 is denied as moot as the parties have determined to agree to a relevant start date for discovery. General Objection number 9 is not actually an objection. To the extent that General Objection 11 seeks to impose a limitation broader than what is provided for under Rule 30(b)(6),

the Court will overrule it. General Objection number 12 is not really an objection as the parties always retain the right to assert privilege objection on specific issues. General Objection number 13 is overruled with the caveat that general topics of inquiry typically elicit more generalized responses, while specific topics of inquiry require more specific responses.

    For the aforementioned reasons, Odawara's Motion for Protective Order is **GRANTED IN PART** and **DENIED IN PART**.

Date: 03/21/2013

_____
Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

All Electronically Registered Counsel