UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| REMY INC. )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>TECNOMATIC, S.P.A., )<br>)<br>Defendant, )<br>_____ )<br>TECNOMATIC, S.P.A., )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>REMY, INC., )<br>HANSON SYSTEMS, LLC D/B/A EAGLE )<br>TECHNOLOGIES GROUP, )<br>ODAWARA AUTOMATION, INC., )<br>REMY INTERNATIONAL, INC., )<br>DELCO REMY MEXICO, S.R.L. DE C.V., )<br>REMY COMPONENTES S. DE R.L. DE )<br>C.V., )<br>1-10 DOES, )<br>)<br>Defendants. ) | No. 1:11-cv-00991-SEB-MJD |

**ORDER ON ODAWARA'S
MOTION TO COMPEL DISCOVERY [DKT. 302]**

This matter is before the Court on Odawara Automation, Inc.'s ("Odawara") Motion to Compel Discovery. [Dkt. 302.] The Court held a hearing on this motion on August 15, 2012, at which the Remy Defendants ("Remy"), Tecnomatic, S.P.A. ("Tecnomatic"), and Odawara appeared by counsel. The Court, being duly advised, **GRANTS IN PART** and **DENIES IN PART** the Motion to Compel Discovery as follows:

1

Odawara moves to strike Tecnomatic's designation of its Answers to Interrogatories [Dkt. No. 303-1] as "Highly Confidential." The Court finds that the information contained in the responses is at a sufficiently high level that it cannot reasonably be found that exposure to one of the parties of that information would cause competitive or commercial injury to Tecnomatic sufficient to justify a "Highly Confidential" designation. Therefore, the "Highly Confidential" designations are stricken; the Response may, however, remain Confidential. The Court orders Tecnomatic to reproduce the Response consistent with this Order: one unredacted version labeled "Confidential" and a redacted version not marked Confidential.

Odawara moves to compel full and complete answers to Interrogatories No. 9, 10, 11, 12 and 13 of Dkt. No. 303-1. Tecnomatic objected to these interrogatories with twelve general objections. Tecnomatic confirmed on the record it did not rely upon any of those general objections in its responses [Dkt. 357 at 107.] Accordingly, the Court overrules all of the general objections.

With regard to Interrogatory No. 9, the Court also overrules the specific objections and finds that this interrogatory is neither overly broad nor unduly burdensome. The Court further finds that Interrogatory No. 9 seeks information that is relevant to a claim or defense in this matter and is sufficiently narrowly tailored to overcome Tecnomatic's objections.

The Court overrules Tecnomatic's objections to Interrogatory No. 10. That an interrogatory is "premature" is not a valid objection. Further, whether correct or not, the fact that one interrogatory might be duplicative of another interrogatory is not a valid basis for objection. The Court further finds that Interrogatory No. 10 is not duplicative of Interrogatory Nos. 1 and 5. Nevertheless, the Court finds that Tecnomatic's response to Interrogatory No. 10 is sufficient, but reminds Tecnomatic that it has a duty to seasonably supplement this response.

The Court overrules the specific objections to Interrogatory No. 11, which include that the interrogatory is premature, compound, and the response may be subject to expert discovery. The Court finds that "premature" and "compound" are not valid or proper objections to an interrogatory. The Court agrees that the response may be subject to expert discovery; however, if there is an expert opinion, that opinion will be provided pursuant to the Court's order on the disclosure of experts. In the meantime, Tecnomatic must supplement this response and make it full and complete, and as additional information is obtained, timely supplement thereafter.

With regard to Interrogatory Nos. 12 and 13, Tecnomatic's objections are overruled and Tecnomatic is ordered to make the responses full and complete by identifying specific evidence of which it is aware and provide all information currently in its possession, with a duty to seasonably supplement its responses thereafter.

Odawara next moves this Court to require Tecnomatic to specify which documents produced by Tecnomatic correspond to which of Odawara's document requests. Odawara has withdrawn this aspect of its motion, therefore, it is denied as moot.

Odawara moves this Court to require Tecnomatic to identify custodians and search terms used to search for electronically stored information responsive to Odawara's document requests, and require Tecnomatic to cooperate with Odawara in determining appropriate search terms and custodians to Tecnomatic to use to search for electronically-stored information responsive to Odawara's document requests. Tecnomatic represented that, in responding to Defendants' discovery requests, all of the company's documents were reviewed on a document-by-document basis, and that there was no limitation to that search based upon search terms or custodians. Odawara had no evidence to refute that representation. Accordingly, this portion of Odawara's motion is denied.

The next portion of the motion is a motion to strike Tecnomatic's objections to Document Request 18. [Dkt. 302-4 at 11.] First, for the same reasons Tecnomatic's General Objections to Odawara's Interrogatories were overruled, the Court overrules Tecnomatic's General Objections to Odawara's Request for Production. [*Id*. at 2-4.] Second, Tecnomatic's relevance objection is overruled as the Court finds that the information sought in Request No. 18 is relevant to a claim or defense in this matter. Third, the Court finds Request No. 18 to be neither vague nor ambiguous; consequently, Tecnomatic's remaining objections to the Request are overruled as well. Accordingly, the Court orders Tecnomatic to fully respond to Request No. 18, with the understanding that the response will be supplemented over time as additional discovery is conducted.

Finally, Odawara moves this Court to require Tecnomatic to supplement its Initial Disclosures to provide a calculation of alleged damages and to produce the documents or other evidentiary material on which its damages calculation is based. Odawara agreed that this request can be satisfied by Tecnomatic's complete response to Interrogatory No. 11, which has already been ordered. Accordingly, this aspect of the motion is denied as moot.

Odawara has also moved for an award of its reasonable expenses, including attorney's fees, in bringing the motion pursuant to Fed. R. Civ. P. 37(a)(5).  Because the motion was granted in part and denied in part, the Court finds that the applicable rule is Fed. R. Civ. P. 37(a)(5)(C).  Accordingly, the award of expenses, including attorney's fees, is discretionary with the Court.  The Court further notes that it instructed the filing of this motion as a means of moving the dispute toward resolution, thereby denying the parties a full opportunity to informally resolve the issues set forth herein.  Accordingly, even if the award of expenses, including attorney's fees, was mandatory pursuant to Fed. R. Civ. P. 37(a)(5)(A), the Court finds

that other circumstances, namely the Court's intervention in the filing of the motion, render an award of expenses unjust. Consequently, Odawara's motion for an award of their reasonable expenses, including attorney's fees, in bringing the motion is **DENIED**.

For the aforementioned reasons, Odawara's Motion to Compel Discovery is **GRANTED IN PART** and **DENIED IN PART**.

Date: 03/21/2013

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

All Electronically Registered Counsel