UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| REMY INC.                                      )<br>                                                )<br>           Plaintiff,             )<br>                                                )<br>      vs.                                  )<br>                                                )<br>TECNOMATIC, S.P.A.,                 )<br>                                                )<br>           Defendant,            )<br>_____ )<br>TECNOMATIC, S.P.A.,                 )<br>                                                )<br>           Plaintiff,             )<br>                                                )<br>      vs.                                  )<br>REMY, INC.,                                 )<br>HANSON SYSTEMS, LLC D/B/A EAGLE )<br>TECHNOLOGIES GROUP,            )<br>ODAWARA AUTOMATION, INC.,     )<br>REMY INTERNATIONAL, INC.,       )<br>DELCO REMY MEXICO, S.R.L. DE C.V., )<br>REMY COMPONENTES S. DE R.L. DE )<br>C.V.,                                           )<br>1-10 DOES,                              )<br>                                                )<br>           Defendants.           )  | No. 1:11-cv-00991-SEB-MJD |

**ORDER ON REMY'S
MOTION FOR PROTECTIVE ORDER (DKT. 304)**

This matter is before the Court on Remy's Motion for Protective Order. [Dkt. 304.] The Court held a hearing on this motion on August 24, 2012, at which the Remy Defendants ("Remy"), Tecnomatic, S.P.A. ("Tecnomatic"), and Odawara Automation, Inc. ("Odawara") appeared by counsel. The Court, being duly advised, **GRANTS IN PART** and **DENIES IN PART** the Motion for Protective Order as follows:

Remy moves for a protective order preventing discovery on 30(b)(6) deposition topics that are irrelevant, duplicative, or impose an undue burden on Remy and topics seeking information protected by the attorney-client privilege or work product immunity. The Court addresses each topic and/or subtopic individually from Tecnomatic's Notice of 30(b)(6) Deposition of Remy Inc. [Dkt. No. 304-1.].

**1. Objections relating to Topic 1.**

> **D.     All disclosures made to others including Eagle and Odawara, and the purpose and value of such disclosures and use by Eagle, Odawara and others, and the monetary quantification of the value of the use.**

Remy takes issue with the phrase "the monetary quantification of the value of the use" in which Remy wants it clarified that Tecnomatic does not impose an obligation to obtain opinions that are not currently held within the company. The parties have agreed to such limitation. [Dkt. 362 at 68-70.] Accordingly, Remy's motion for protective order with regard to this subtopic is denied.

> **E.  The decision leading up to the revocation.**

Remy moves that this Court bar Tecnomatic from deposing Remy on Subtopic E of Topic 1. Remy argues that the questions will overlap into discovery issues that were dealt with in the earlier portion of the case. The Court denies Remy's motion with regard to this subtopic. If there is a disagreement in the deposition on whether specific questions relating to this subtopic do cover questions that were asked with regard to Remy's claims in the earlier portion of the case, the parties may call the Court to seek resolution of the issue or file an appropriate motion. This issue will be dealt with on a question-by-question basis. Tecnomatic

will not be precluded from inquiring with regard to any subsequently produced documents or information that may be relevant to this or any other topic.

### I. The decision leading up to the filing of the 2008 lawsuit for this piece of equipment.

Remy moves that this Court bar Tecnomatic from deposing Remy on Subtopic I of Topic 1. Remy argues that this subtopic deals directly with the previous claim and that Tecnomatic should not be able to cover this topic that they had a chance to cover the first time. The Court grants Remy's motion with regard to this subtopic.

### J. The filing and maintenance of the lawsuit for this piece of equipment.

The Court grants Remy's motion with regard to this subtopic for the reasons set forth in subtopic I above.

### K. Documents and information produced in the later consolidated litigation but withheld from production in the 2008 litigation relating to this machine and the function and operation thereof and the decisions not to disclose such information in the 2008 suit.

Remy moves this Court to bar questions relating to Subtopic K. Remy's motion with regard to this subtopic is denied. Because subtopic K is broad, Tecnomatic is ordered to provide a list of the specific documents and specific discovery responses with regard to which it wants to examine a Rule 30(b)(6) witness at least 21 days prior to the date of deposition. This ruling does not waive any applicable privileges; however, Tecnomatic may explore whether and when the information at issue was provided to counsel for Remy.

> O. **The amount of damages Remy is seeking in the 2008 case for claims made against this equipment and reasons therefore and why such recovery should not be barred by the value Remy took, received, and or obtained from the equipment and information.**

Tecnomatic is not permitted to reexamine the damages discovery regarding Remy's original claims, but may examine Remy regarding damages regarding Tecnomatic's claims as they may relate to damages relating to Remy's original claims. As noted, Tecnomatic may also examine Remy with regard to newly-produced documents or information that may relate to Remy's original claims and/or the damages articulated with regard thereto. Remy's motion for protective order will be granted with regard to Subtopic O, without prejudice to Tecnomatic's right to proffer additional deposition topics consistent with the Court's rulings.

> P. **Remy Defendants' contention as to what recovery Tecnomatic should receive for its claims related to this machine, the basis for that contention, and identification of documents that supports this contention.**

The parties agreed that the language of Subtopic P should be prefaced with the phrase "Assuming liability is established, . . ." [Dkt. 362 at 131.] With this revision, Remy withdraws its objection to this subtopic.

**2. General Objections to Topics 2, 3, 4, 9 and 10.**

Remy generally objects to Topics 2, 3, 4, 9 and 10 on the grounds those topics are overbroad, unduly burdensome and are not reasonably calculated to lead to the discovery of evidence relevant to a claim or defense in this matter, because Tecnomatic's Rule 30(b)(6) witness, Mr. Micucci, did not identify any information relating to the processes associated with those topics when identifying the confidential trade secret information that Tecnomatic claims has been misapproporiated. [Dkt. 362 at 104-07.] Tecnomatic responds that, while Mr. Micucci did not identify specific trade secrets that Tecnomatic claims were misappropriated

relating to those processes, Tecnomatic has produced evidence of broader misappropriation of manuals and drawings that relate to all aspects of the equipment at issue. [*Id*. at 107.] The Court is unwilling to parse this issue as closely as Remy requests at this juncture. The Court finds generally, subject to the objections to specific subtopics addressed below, that Topics 2, 3, 4, 9 and 10 remain relevant to this matter and that Remy's general objections are not well taken and Remy's motion for a general protective order as to Topics 2, 3, 4, 9 and 10 should be denied.

### 3. Specific Objections relating to Subtopics D, E, I, J, K, O and P of Topics 2 through 10.

The Court finds the specific arguments relating to Subtopics D, E, I, J, K, O and P of Topics 2 through 10 are substantially identical to the arguments as to the same subparagraphs in Topic 1. Accordingly, the Court incorporates by reference, as though fully set forth herein, its ruling as to Subtopics D, E, I, J, K, O and P of Topic 1 as its ruling as to the corresponding subtopics of Topics 2 through 10.

### 4. Objections relating to Topic 11.

With regard to Topic 11, the ruling for Subtopics D, I, J, K, O and P are the same as for Topic 1 above and are incorporated by reference as though fully set forth herein. As to Subtopic E, with the parties' agreement [Dkt. 362 at 112-13], the Court will revise this subtopic so that it reads "The decision leading up to the revocation, and Remy's understanding of the effect of the revocation on the lease." With that modification, Remy's motion for protective order with regard to subtopic 11.E. is denied.

**5. Objections to Topic 14.**

The Court denies Remy's motion for protective order with regard to Topic 14, with the caveat that the documents in question relate to the actual valuation as articulated by counsel for Tecnomatic. [Dkt. 362 at 117-19.]

**6. Objections to Topic 16.**

The Court will grants Remy's motion for protective order with regard to Topic 16. The Court strikes everything after the first word of the second line of Topic 16 so that the topic now reads "The accuracy and/or inaccuracy of the statements made by Remy's In-House counsel JJ Shives." For the reasons set forth in more detail at the hearing [Dkt. 362 at 119-24], the Court finds the stricken portion of the Topic to be outside the proper scope of a Rule 30(b)(6) deposition. Nothing in this ruling is intended to preclude Tecnomatic from inquiring of Mr. Shives in his personal capacity as to the stricken portion of the topic, either in his personal deposition or during a Rule 30(b)(6) deposition in which Mr. Shives is the designated witness; however, such testimony shall not be considered the testimony of Remy.

**7. Remy's General Objections.**

The Court will deny as moot Remy's General Objection No. 1 as the deposition was not taken as scheduled. The Court will overrule General Objection No. 2 to the extent that it asserts generic objections that are inconsistent with the Court's ruling as to specific objections that are set forth herein.

**8. Attorney's Fees.**

Remy has also moved for an award of their reasonable expenses, including attorney's fees, in bringing the motion pursuant to Fed. R. Civ. P. 37(a)(5). Because the motion was granted

in part and denied in part, the Court finds that the applicable rule in Fed. R. Civ. P. 37(a)(5)(C). Accordingly, the award of expenses, including attorney's fees, is discretionary with the Court. The Court further notes that it instructed the filing of this motion as a means of moving the dispute toward resolution, thereby denying the parties a full opportunity to informally resolve the issues set forth herein. Accordingly, even if the award of expenses, including attorney's fees, was mandatory pursuant to Fed. R. Civ. P. 37(a)(5)(A), the Court finds that other circumstances, namely the Court's intervention in the filing of the motion, render an award of expenses unjust. Consequently, Remy's motion for an award of their reasonable expenses, including attorney's fees, in bringing the motion is **DENIED**.

For the aforementioned reasons, Remy's Motion for Protective Order is **GRANTED IN PART** and **DENIED IN PART**.

Date: 03/21/2013

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

All Electronically Registered Counsel