UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| REMY INC. | ) |
|                 Plaintiff, | ) |
| | ) |
|       vs. | ) |
| | ) |
| TECNOMATIC, S.P.A., | ) |
| | ) |
|      Defendant, | ) |
| | ) |
| TECNOMATIC, S.P.A., | ) |
|               Plaintiff, | ) |
| | ) |
|    vs. | )     1:11-cv-00991-SEB-MJD |
| | ) |
| REMY, INC., HANSON SYSTEMS, LLC | ) |
| D/B/A EAGLE TECHNOLOGIES GROUP, | ) |
| ODAWARA AUTOMATION, INC., | ) |
| REMY INTERNATIONAL, INC., | ) |
| DELCO REMY MEXICO, S.R.L. DE C.V., | ) |
| REMY COMPONENTES S. DE R.L. DE C.V., | ) |
| and 1-10 DOES, | ) |
| | ) |
|      Defendants. | ) |

**ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATION REGARDING TECNOMATIC'S MOTION FOR SANCTIONS
PURSUANT TO RULE 37**

The Court has considered Tecnomatic S.p.A.'s objections to the Magistrate Judge's

Report and Recommendation [Docket No. 391] regarding Tecnomatic's Motion for Sanctions

Pursuant to Rule 37, in which Magistrate Judge Mark J. Dinsmore proposes that Tecnomatic's

Motion be denied.  We address Tecnomatic's objections below.

## I.     Legal Standard.

Pursuant to Fed. R. Civ. P. 72(b) related to dispositive motions, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.  The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."  The district court judge is not required to consider evidence that was not presented to the magistrate judge.  Goffman v. Gross, 59 F.3d 668, 671 (7th Cir. 1995) ("If the district court finds a problem, it may take additional evidence, call witnesses, or remand to the magistrate judge for further development.  But if following a review of the record the district court is satisfied with the magistrate judge's findings and recommendations it may in its discretion treat those findings and recommendations as its own.") (citations omitted).

## II.    Tecnomatic's Failure to Comply with Fed. R. Civ. P. 37 and S.D. Ind. L.R. 37-1.

The Magistrate Judge found that Tecnomatic failed to comply with the meet and confer requirements of Fed. R. Civ. P. 37 and S.D. Ind. L.R. 37-1 before filing its Motion for Sanctions Pursuant to Rule 37 and denied Tecnomatic's motion on that basis.  Docket No. 390 at 3-5.  In its objection, "Tecnomatic concedes that the body of its Motion did not contain the text of a Local Rule certification, . . . ."  Docket No. 391-1 at 30.  Tecnomatic argues (1) that it was under no meet and confer obligation pursuant to Fed. R. Civ. P. 37; (2) that the Local Rule 37-1 meet and confer obligation "would have been futile here and the requirement should be excused;" and (3) that it did in fact meet and confer prior to filing its motion.  We address each of these arguments in turn.

### A.     Tecnomatic Had a Meet and Confer Obligation Under Fed. R. Civ. P. 37.

The Magistrate Judge correctly noted that Tecnomatic's Motion for Sanctions Pursuant to Rule 37 does not identify a specific subdivision of Rule 37 through which Tecnomatic seeks

relief, but concluded that Tecnomatic had an obligation to meet and confer with Remy[1] prior to filing its Motion.  Tecnomatic contends that, because its Motion is not a "garden-variety discovery motion," it was under no obligation to meet and confer.  We reject Tecnomatic's arguments and adopt the Magistrate Judge's finding that Tecnomatic had an obligation to meet and confer pursuant to Rule 37 and Tecnomatic failed to do so.

In its objection to the Magistrate Judge's decision, Tecnomatic for the first time argues that its Motion most closely falls under the purview of Fed. R. Civ. P. 37(c), which does not contain a meet and confer requirement.  Tecnomatic did not mention Rule 37(c) in its Motion for Sanctions (in either its motion, brief, or reply).  See Docket Nos. 213, 214-1, and 246.  Although Tecnomatic argues in a footnote in its reply brief that Remy failed to provide allegedly relevant information in its Rule 26(a)(1) disclosures, Tecnomatic did not attach Remy's Rule 26(a)(1) disclosures to its Motion and these disclosures were not the focus of Tecnomatic's allegations of improper conduct against Remy.  Consequently, we do not find that Tecnomatic's Motion for Sanctions falls under Fed. R. Civ. P. 37(c) relating to the failure to disclose or supplement initial disclosures.

Although it is true that Tecnomatic's Motion for Sanctions does not neatly fall into any one of the Rule 37 subsections, it is more aptly described as a Motion under Rule 37(a) related to a motion to compel.  Tecnomatic alleged that Remy failed to fully-respond to written discovery requests which lead to disingenuous deposition testimony and that Remy should be sanctioned as a result.  At the heart of Tecnomatic's motion is an argument that Remy failed to fully respond to discovery.  Federal Rule of Civil Procedure 37(a)(1) regarding motions to compel, provides that "[t]he motion must include a certification that the movant has in good faith conferred or

---

[1] "Remy" refers to Remy Inc., Remy International Inc., Delco Remy Mexico, S.R.L. de C.V., and Remy Componentes S. de R.L. de C.V.

attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Because Tecnomatic failed to comply with Rule 37(a)'s meet and confer requirement, the Magistrate Judge was correct in denying the Motion on that basis.

### B.    Tecnomatic Had a Meet and Confer Obligation Under Local Rule 37-1.

Even if Tecnomatic were under no meet and confer obligation pursuant to Fed. R. Civ. P. 37, our Local Rules contain a meet and confer requirement that is unequivocal, applies to *all* discovery disputes, and allows for the summary denial of a motion that fails to contain a meet and confer certification. That rule provides:

> **(a) Required Actions Prior to Court Involvement.** Prior to involving the court in any discovery dispute, including disputes involving depositions, counsel must confer in a good faith attempt to resolve the dispute. If any such dispute cannot be resolved in this manner, counsel are encouraged to contact the chambers of the assigned Magistrate Judge to determine whether the Magistrate Judge is available to resolve the discovery dispute by way of a telephone conference or other proceeding prior to counsel filing a formal discovery motion. When the dispute involves an objection raised during a deposition that threatens to prevent completion of the deposition, any party may recess the deposition to contact the Magistrate Judge's chambers.

> **(b) Requirements of Motion to Compel.** In the event that the discovery dispute is not resolved at the conference, counsel may file a motion to compel or other motion raising the dispute. **Any motion raising a discovery dispute must contain a statement setting forth the efforts taken to resolve the dispute, including the date, time, and place of any discovery conference and the names of all participating parties. The court may deny any motion raising a discovery dispute that does not contain such a statement.**

L.R. 37-1 (emphasis added). Tecnomatic does not deny that its Motion for Sanctions is a "discovery motion". In fact, the first sentence of Tecnomatic's Brief in Support of its Motion states: "This motion seeks dismissal of all of Remy's claims against Tecnomatic pursuant to Fed. R. Civ. Proc. 37 ("Rule 37") **as a sanction for Remy's conduct in discovery**." Docket No. 214-1 at 1 (emphasis added). Local Rule 37-1 is directly applicable to Tecnomatic's Motion for Sanctions. Tecnomatic argues, however, that the meet and confer process required by L.R. 37-1

4

would have been futile and thus, "should be excused."  Docket No. 391-1 at 28.[2]  We reject

Tecnomatic's contention.

This district takes the meet and confer requirement of L.R. 37-1 seriously, as evidenced

by the rule's use of the word "must" with respect to the certification requirement and the

granting of authority to the court to deny any motion that does not recite the parties' meet and

confer efforts.  Magistrate Judge Baker, in *Loparex, LLC v. MPI Release Techs., LLC*, Case No.

1:09-cv-1411-JMS-TAB, 2011 WL 1871167, at *2 (S.D. Ind. May 16, 2011), noted that

> the local rule contemplates an actual meeting with a date, time, and place –
> whether by telephone, videoconference, or (if counsel's location permits)
> preferably face-to-face.  An old-fashioned chat over coffee might prove especially
> productive.  Real-time interaction often provides the best forum for hashing out
> disputes, whereas a faceless exchange of carefully worded and often pointed
> emails usually solves little except perhaps providing a false moment of triumph to
> the person pressing the "send" button.
>
> If a more interactive and meaningful meeting is infeasible, Local Rule 37.1[3]
> requires, at the very least, an attempt to fully exchange views before filing
> discovery motions. In addition, the recent amendments to Local Rule 37.1
> encourage counsel to seek the assistance of the assigned Magistrate Judge before
> filing a formal discovery motion.

Tecnomatic argues that it unilaterally determined that any such meet and confer would have been

futile.  Remy responded that, had the parties discussed Tecnomatic's motion, the parties may

have been able to narrow Tecnomatic's discovery requests to which Remy objected.  See Docket

No. 402 at 5-6.  Tecnomatic cannot know whether these communications would have been

fruitful because it failed to engage in a meet and confer dialogue with Remy prior to filing its

---

[2] Tecnomatic cites to cases from the Northern District of Illinois, the District of Kansas, the Middle District of
Florida, the Southern District of New York, and the Northern District of California to support its argument that its
meet and confer obligations of Southern District of Indiana Local Rule 37-1 may be excused where such a meeting
would be futile.  Docket No. 391-1 at 28-29.  This Court is unaware of any Southern District of Indiana cases where
the requirement to meet and confer pursuant to L.R. 37-1 was waived when one party unilaterally believed the
meeting would be futile.

[3] Local Rule 37.1 was the predecessor to current Local Rule 37-1.

sanctions motion as evidenced by Tecnomatic's Motion.  Tecnomatic failed to comply with L.R. 37-1 and the Court is well within its discretion to deny Tecnomatic's motion on that basis alone.

### C.      Tecnomatic Provided No Evidence to the Magistrate Judge That It Met and Conferred Prior To Filing Its Motion.

Tecnomatic belatedly argues that it did engage in meet and confer efforts prior to filing its Motion for Sanctions, despite its failure to certify as such in the Motion.  See Docket No. 391-1 at 30-31.    Tecnomatic submits a chart summarizing the status reports provided to the Magistrate Judge, hearings, and docket entries as Exhibit 7, which was not submitted with the Motion.  The district court judge is under no obligation to consider this previously existing, but not submitted, evidence in support of Tecnomatic's motion.  Goffman, 59 F.3d at 671.  The facts are clear:  Tecnomatic did not include a certification of its meet and confer efforts with its Motion or its Reply Brief after Remy brought this deficiency to the Court's and Tecnomatic's attention.  Consequently, the time for Tecnomatic to argue that it satisfied the meet and confer requirements of L.R. 37-1 has passed.

### III.    The Court Need Not Consider the Remaining Merits of Tecnomatic's Motion for Sanctions.

The Magistrate Judge could have denied Tecnomatic's Motion for Sanctions solely on the basis that Tecnomatic failed to comply with meet and confer requirements of L.R. 37-1.  For purposes of the instant objection, we will treat the remainder of the Magistrate Judge's Report and Recommendation as dicta.[4]    Because we adopt the Magistrate Judge's Report and Recommendation with respect to the denial of Tecnomatic's Motion for failure to comply with the meet and confer requirements of Fed. R. Civ. P. 37 and L.R. 37-1 and the certification

---

[4] The fact that the district court will treat the remainder of the Magistrate Judge's Report and Recommendation as dicta should not be interpreted by the parties to constitute in any way our disagreement with any of the Magistrate Judge's other findings.  Rather, in light of the clear basis for the denial of Tecnomatic's motion already articulated, any further expenditure of judicial resources in addressing Tecnomatic's other objections is not warranted.

requirement of L.R. 37-1, we need not adopt the remainder of the Magistrate Judge's Report and Recommendation.

**IV.     Conclusion.**

For the reasons detailed above, we adopt the Magistrate Judge's Report and Recommendation as to Tecnomatic's Motion for Sanctions with regard to that Motion being denied because Tecnomatic failed to comply with Fed. R. Civ. P. 37 and L.R. 37-1 prior to filing the Motion and did not include a certification of its meet and confer efforts in its Motion.  We incorporate section II.A of the Report and Recommendation by reference herein.  We find that the remainder of the Report and Recommendation is dicta and thus is not addressed further at this time.  Accordingly, Tecnomatic's Motion for Sanctions is <u>DENIED</u>.  The Court will rule on Remy's Motion for Attorney Fees (Docket No. 395) by separate order.

IT IS SO ORDERED.


Date:   _____03/26/2013_____


_Sarah Evans Barker_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana