UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| REMY INC.,<br><br>            Plaintiff,<br><br>      vs.<br><br>TECNOMATIC, S.P.A.,<br><br>            Defendant,<br>_____<br>TECNOMATIC, S.P.A.,<br><br>            Plaintiff,<br><br>      vs.<br><br>REMY, INC.,<br>HANSON SYSTEMS, LLC D/B/A EAGLE<br>TECHNOLOGIES GROUP,<br>ODAWARA AUTOMATION, INC.,<br>REMY INTERNATIONAL, INC.,<br>DELCO REMY MEXICO, S.R.L. DE C.V.,<br>REMY COMPONENTES S. DE R.L. DE<br>C.V.,<br>1-10 DOES,<br><br>            Defendants. | No. 1:11-cv-00991-SEB-MJD |

**ORDER ON REMY'S MOTION TO COMPEL [DKT. 300]**

This matter is before the Court on Remy's Motion to Compel. [Dkt. 300.] The Court held a hearing on this motion on August 24, 2012, at which the Remy Defendants ("Remy"), Tecnomatic, S.P.A. ("Tecnomatic"), and Odawara Automation, Inc. ("Odawara") appeared by counsel. The Court, being duly advised, **GRANTS IN PART** and **DENIES IN PART** the Motion to Compel as follows:

Remy moves this Court to compel Tecnomatic to produce complete, properly-designated, and verified answers to Remy Inc.'s Second Set of Interrogatories [Dkt. 301-2] and Remy International Inc.'s First Set of Interrogatories [Dkt. 301-3]. Remy also moves to compel Tecnomatic to provide revised written responses to Remy Inc.'s First Set of Request for Production [Dkt. 300-8] and Remy Inc.'s Third Set of Request for Production [Dkt. 300-5] as well as the production of documents responsive to the requests.

## I. Interrogatories

### A. Missing Verification Pages

Remy argues that Tecnomatic served answers to Remy Inc.'s Second Set of Interrogatories and Remy International, Inc.'s First Set of Interrogatories, but did not include verification by a Tecnomatic representative, as required by Rule 33(b) of the Federal Rules of Civil Procedure. Tecnomatic argues that verification of certain responses that require reference to information designated by Remy as "Highly Confidential" is not possible, because Tecnomatic's corporate representative is prevented from reviewing that information. The Court grants Remy's Motion in part and orders Tecnomatic to provide a verification page that verifies specific responses for Remy International Inc.'s First Set of Interrogatories and Remy Inc.'s Second Set of Interrogatories that do not require reference to documents or information that are unavailable for review by Tecnomatic's corporate representative.

### B. Designation of Interrogatory Answers as "Highly Confidential"

Remy argues that Tecnomatic's labeling every page of its answers to Remy Inc.'s Second Set of Interrogatories and Remy International, Inc.'s First Set of Interrogatories as "Highly Confidential" is inappropriate as none of the pages contained information that can be classified

as "Highly Confidential." Tecnomatic argues that the responses to Interrogatory No. 6 in Remy Inc.'s Second Set and Interrogatory No. 14 in Remy International Inc.'s First Set are "Highly Confidential." After reviewing the responses to Interrogatory No. 6 of Remy Inc.'s Second Set of Interrogatories [Dkt. 301-2] and Interrogatory No. 14 of Remy International Inc.'s First Set of Interrogatories [Dkt. 301-3], the Court finds that the information contained in those responses is at a sufficiently high level and lacks sufficient detail so that it can reasonably be argued that the disclosure of that information is likely to cause competitive or commercial injury to the producing party as is required for designation of the response as "Highly Confidential" pursuant to the Protective Order [Dkt. 45 at 4]. Therefore, the "Highly Confidential" designations are stricken. However, the Court will allow the entirety of the responses to remain Confidential as it likely satisfies that definition.

      C.     **General Objections**

The Court must first address Tecnomatic's General Objections of Remy Inc.'s Second Set of Interrogatories, Remy International Inc.'s First Set of Interrogatories, and Remy Inc.'s Third Set of Request for Production, which are incorporated into all of Tecnomatic's responses. As to General Objection No. 4, the Court has previously clarified that "reasonably calculated to lead to the discovery of admissible evidence" is not a proper basis to withhold a document. The appropriate standard is relevant to a claim or defense in the lawsuit. Therefore, General Objection No. 4 is overruled.

General Objection No. 5 is not a proper objection as there is no basis for an objection that an interrogatory is "duplicative." There is a limit of 25 interrogatories for this reason. Therefore, this objection is overruled.

With regard to General Objection No. 6, the fact that something is publicly available is not a proper basis for an objection. Further, undue burden needs to be specifically pled and demonstrated. Therefore, the Court overrules General Objection No. 6 as it applies to every interrogatory.

The Court overrules General Objection Nos. 7 and 8 as it is improper to purport to object to every interrogatory on the basis that it is vague, ambiguous, overbroad, burdensome, oppressive, and harassing when such is clearly not the case.

The Court also overrules General Objection No. 9. To the extent that the requests are duplicative or overlap the disclosures called for in Rule 26 does not make it a proper basis for objection.

The remainder of Tecnomatic's General Objections are not overruled; however, those objections shall be deemed waived to the extent Tecnomatic fails to timely assert such objections on an interrogatory-by-interrogatory or request-by-request basis.

### D. Custodian Identification

Remy argues that Tecnomatic objected on several grounds to Interrogatory No. 3 of Remy Inc.'s Second Set of Interrogatories and refused to answer. As to Tecnomatic's specific objections, the Court overrules Tecnomatic's objections on the basis of vagueness, that it calls for information not relevant to the claims or defenses in this matter, and that the information is protected by the attorney-client privilege or work product doctrine. The Court therefore grants Remy's Motion to compel and orders Tecnomatic to respond to Interrogatory No. 3 of Remy Inc.'s Second Set of Interrogatories.

### E. Unresponsive Interrogatory Answer

Tecnomatic posed similar objections with regard to Interrogatory No. 4 in Remy Inc.'s Second Set of Interrogatories. Tecnomatic now withdraws those objections. [Dkt. 362 at 147.]

### F. Incomplete Interrogatory Answer

Remy argues that Tecnomatic failed to provide complete answers to Interrogatory No. 5 of Remy Inc.'s Second Set of Interrogatories and Interrogatory No. 11 of Remy International Inc.'s First Set of Interrogatories. Remy also argues that the answers to both interrogatories refer to "examples" and suggest that Tecnomatic is withholding information. Tecnomatic objected to Interrogatory No. 5 on the basis that the interrogatory was compound, vague, and ambiguous. The Court overrules those objections. Tecnomatic also responded that "Remy, Eagle, and Odawara have since produced documents further supporting the allegations in this complaint." Tecnomatic cannot refer to general examples. Such documents or information must be identified by Bates number if a document, page and line number if a deposition, or some other means by which the information on which Tecnomatic relies may be specifically identified. Tecnomatic also responds with a list of other examples that are "by no means exhaustive." The requirement is that Tecnomatic needs to be exhaustive, not just provide examples. Therefore, the Court grants Remy's motion to compel a complete answer with regard to Interrogatory No. 5 and orders Tecnomatic to provide a complete and unequivocal response.

Turning to Interrogatory No. 11, Tecnomatic objected on the basis that the interrogatory is "vague and ambiguous to the extent it mischaracterizes Paragraph 46 of Tecnomatic's Complaint." These objections are overruled. The Court strikes the sentence in Tecnomatic's response that states "The basis for Tecnomatic's allegations are contained, for example, in Paragraphs 36, 45-50, 61, 62, 118, 119, 130-138, 149-154, 159, 171, and 172 of Tecnomatic's

5

Complaint" on the grounds that merely incorporating allegations from the Complaint fails to set forth a proper factual response to the interrogatory. The next sentence states "The fact that Remy never intended to enter into a joint venture with Tecnomatic was confirmed by testimony from at least two Remy employees, namely Kevin Young and Rich Van Sickle." Here, Tecnomatic needs to cite to specific page and lines of the transcripts of the relevant depositions so it may be clear to what testimony Tecnomatic is referring; this instruction also applies to the other examples of deposition testimony provided in Tecnomatic's responses. The following sentence states that "Remy internal documents state that Tecnomatic was the only known source for this application." These documents need to be identified by Bates number as well. Therefore, the Court grants Remy's motion to compel a complete answer with regard to Interrogatory No. 11.

### G.    Identification of Information Provided Pursuant to Fed. R. Civ. P. 33(d)

Remy also argues that Tecnomatic failed to identify specific documents when referencing Rule 33(d) in response to Interrogatory No. 6 of Remy Inc.'s Second Set of Interrogatories and Interrogatory Nos. 7, 13, and 14 of Remy International Inc.'s First Set of Interrogatories. The Court grants Remy's motion here and orders Tecnomatic to provide specific Bates numbers of the documents that are identified in response to all interrogatories to which Tecnomatic's response references Rule 33(d).

Remy also argues that Tecnomatic's response to Interrogatory No. 7 in Remy International Inc.'s First Set can be found "in deposition testimony produced in this action and being produced in this action." Remy argues that, based on this vague response, Remy has no ability to determine which documents and deposition testimony it should examine. The Court grants Remy's motion here. To the extent that the response refers to documents, Tecnomatic is ordered to specifically identify the documents by Bates number. To the extent that the response

refers to deposition testimony, Tecnomatic is ordered to specify deponent, date, page, and line number. The Court also strikes the "See also" language in the last line of the response to Interrogatory No. 7.

### H. Failure to Provide Information Regarding Purported Stator and Motor Sales

Remy argues that Tecnomatic's response to Interrogatory No. 16 of Remy International Inc.'s First Set of Interrogatories is not responsive or complete and Remy is entitled to test whether Tecnomatic is a stator-producing competitor as Tecnomatic's complaint alleges. This interrogatory asks Tecnomatic to "describe each type of stator that Tecnomatic has sold or attempted to sell since 2003." Tecnomatic objected to this interrogatory on the basis that it is overly broad, unduly burdensome, and not likely to lead to the discovery of admissible evidence. The representation was made in open court that Tecnomatic does not sell stators. Therefore, the objections to Interrogatory No. 16 are overruled and Tecnomatic is ordered to provide a complete and unequivocal response.

Remy also argues that for the same reason, Tecnomatic's refusal to produce documents in response to Request No. 40 of Remy Inc.'s Third Set of Requests for Production [Dkt. 300-5] is also improper. Request No. 40 seeks "all documents reflecting Tecnomatic's sales of stators since 2003." Tecnomatic objected on similar grounds as in Interrogatory No. 16. Remy confirmed it is seeking only documents regarding Tecnomatic's "sales of stators." Remy's motion to compel is granted with regard to this Request, Tecnomatic's objections are overruled and Tecnomatic is ordered to respond fully to Request No. 40 and produce all documents responsive thereto.

Remy also argues that Tecnomatic refused to provide an answer to Interrogatory No. 17 of Remy International Inc.'s First Set of Interrogatories relating to the types of motors that

Tecnomatic has sold or attempted to sell. Tecnomatic's objections are overruled with regard to Interrogatory No. 17 for the same reasons as set forth for Interrogatory No. 16 and Request No. 40. Therefore, the Court grants Remy's motion to compel and orders Tecnomatic to respond and provide a complete and unequivocal response to Interrogatory No. 17 as well.

## II. Production of Documents

### A. Failure to Respond to Requests for Production

Remy argues that, after the Court consolidated the actions, Remy re-served Remy Inc.'s First Set of Requests for Production to Tecnomatic [Dkt. 300-8] and Tecnomatic has failed to respond to the requests pursuant to Fed. R. Civ. P. 34(b)(2). Tecnomatic argues that this request is related to its counterclaim from the first action for which discovery is closed. The Court agrees with Tecnomatic that Remy may not pursue new discovery in the original action, although supplementation of prior discovery responses is appropriate. Accordingly, Remy agreed to withdraw the Requests in question [Dkt. 300-8] without prejudice to their right to re-serve those requests in a form that may be relevant to the revised allegations in the case.

### B. Production of Organizational Charts

In Request No. 33 of Remy Inc.'s Third Set of Requests for Production, Remy seeks "all charts, lists, or other documents indicating the organizational structure of Tecnomatic for each year between 2003 and 2012." Tecnomatic objected on the basis that the request was vague, ambiguous, and calls for information not relevant to any of the claims or defenses in this action. Remy moves this Court to compel Tecnomatic to produce documents responsive to Request No. 33. The Court overrules Tecnomatic's objections to Request No. 33 and grants Remy's motion here; however, the Court limits the requests to the production of documents, singularly or

collectively, that are sufficient to provide an accurate picture of the organizational structure of the company. [See Dkt. 362 at 177-78, 180.] Tecnomatic is ordered to respond and produce documents responsive to Request No. 33.

### C. Request for Production Nos. 37 and 39

Remy seeks complete responses to Request Nos. 37 and 39 of Remy Inc.'s Third Set of Requests for Production. Tecnomatic objected on the basis that the requests were vague and ambiguous. As for Request No. 37, Remy represented in open court that it only seeks documents supporting the allegation made in Paragraph 89 of Tecnomatic's Complaint relating to "valuable technological know-how relating to complex stators, stator winding technology, and the manufacturing of the same." With this clarification, Tecnomatic's objections to the request as vague and ambiguous are overruled. With regard to withholding documents, Tecnomatic represents in open court that it has not withheld any documents on the basis of confidentiality. In light of that clarification, to the extent that Tecnomatic objects to responding to this request on the basis of confidentiality, that objection is overruled.

With regard to Request No. 39, the Court limits the request to seek documents that formed the basis for the allegation in Paragraph 3 of the Complaint. In light of that clarification, Tecnomatic's objections are overruled. To the extent that there was an objection to production based on the confidential or proprietary nature of the documents, that objection is overruled as well.

Subject to the modifications herein, Remy's motion to compel with regard to Request Nos. 37 and 39 is granted and Tecnomatic is ordered to provide complete and unequivocal responses thereto.

For the aforementioned reasons, Remy's Motion to Compel is **GRANTED IN PART** and **DENIED IN PART**.

Date: 03/28/2013

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

All Electronically Registered Counsel