UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| REMY, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Consolidated Civil Action |
| vs. ) | |
| ) | 1:11-cv-00991-SEB-MJD |
| TECNOMATIC, S.P.A., ) | |
| ) | |
| Defendant. ) | |
| ) | |
| _____ ) | |
| ) | |
| TECNOMATIC, S.P.A., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| REMY INC., INC., REMY INTERNATIONAL, ) | |
| INC., DELCO REMY MEXICO, S.R.L. DE C.V., ) | |
| ODAWARA AUTOMATION, INC., RICHARD ) | |
| VAN SICKLE, MARK STEPHENSON, KEVIN ) | |
| YOUNG, STUART PERRY AND DOES 1 - 5, ) | |
| ) | |
| Defendant. ) | |

**ORDER ON MOTION FOR LEAVE TO ADD CORRECTION OF PATENT
INVENTORSHIP COUNT TO TECNOMATIC'S FIRST AMENDED COMPLAINT**


This matter comes before the Court on Tecnomatic, S.p.A.'s ("Tecnomatic") Motion for

Leave to Add Correction of Patent Inventorship to Tecnomatic's First Amended Complaint, filed

on March 25, 2013.  [Dkt. 416.]  For the following reasons, the Court hereby **GRANTS**

Tecnomatic's motion.

## I. Background

This is a consolidated case that alleges a "series of acts" [dkt. 1, pg. 1,] including claims

for breach of confidentiality, negligent misrepresentation, fraud, misappropriation of trade

secrets, breach of fiduciary duty, unfair competition, false representation, and unjust enrichment.

[Dkt. 1.]  Tecnomatic filed its proposed First Amended Complaint on July 6, 2012, and on March

18, 2013 the Court granted in part Tecnomatic's Motion for Leave to File Amended Complaint

[Dkt. 287].  [Dkt. 416.]  During this time period, the United States Patent Application No.

12/419,823 issued as U.S. Patent No. 8,327,677 ("'677 Patent"), which, allegedly, wrongfully

omits Tecnomatic engineers as the inventors.  [*Id.*]  After receiving the Court's Order granting

leave to amend its complaint and in light of the patent's issuance, Tecnomatic filed a motion to

add a count for correction of patent inventorship to its first amended complaint.[1]

## II. Discussion

Leave to amend a complaint should be freely given "when justice so requires."

Fed.R.Civ.P. 15(a)(2).  An amendment "may" be futile when it presents no valid theory of

liability or when it cannot survive a motion to dismiss.  *Bower v. Jones*, 978 F.2d 1004, 1008

(7th Cir. 1992) (citations omitted).  While a court may deny a motion for leave to amend, such

denials are disfavored.  *Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir.2010).

Defendants Remy Inc., Remy International, Inc., and Delco Remy Mexico S.R.L. de C.V.

("Remy") argue that Tecnomatic's motion to add a claim for correction of inventorship should be

---

[1] Remy filed a timely response to this motion on May 6, 2013.  Local Rule 7-1(c) commands the movant to file a reply brief within seven calendar days after service of the response brief, with an additional three days pursuant to Federal Rule of Civil Procedure 6(d).  Instead, Tecnomatic filed its reply brief on June 3, 2013—twenty-eight days after the response brief was filed and eighteen days after the May 16, 2013 deadline.  Because of its untimeliness, the Court disregards Tecnomatic's reply brief and rules solely on the arguments set forth in Tecnomatic's motion [dkt. 416] and Remy's response [dkt. 461].

denied on the basis of futility.  Specifically, Remy argues that Tecnomatic lacks standing

because (1) Tecnomatic did not assert actual or expected ownership rights or a financial interest

in the patent and (2) Tecnomatic did not name the specific employee(s) who purportedly

invented the method and device protected by the '677 Patent.  [Dkt. 461.]  Remy also argues that

Tecnomatic's claim for correction of inventorship does not plead the facts with sufficient

particularity to support a claim.  [*Id.*]

Remy is correct in asserting that, in order to survive a motion to dismiss, Tecnomatic's

claim will need to meet the particularity requirements set forth by the Supreme Court in

*Twombly* and *Iqbal*.  *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550

U.S. 544 (2007).  As Remy additionally points out, the Federal Circuit has made it clear that a

plaintiff who brings suit under 35 U.S.C. § 256 must assert ownership rights, or at least a

"concrete financial interest," in the patent.  *See, e.g.* Larson v. Correct Craft, Inc., 569 F.3d 1319

(Fed. Cir. 2009); Chou v. Univ. of Chicago, 254 F.3d 1347 (Fed. Cir. 2001).  Remy also cites to

a case from the Eastern District of Virginia to support its argument that Tecnomatic should be

denied standing for failing to name its inventor(s).  *Informatics Applications Grp., Inc. v.*

*Shkolnikov*, No. 1:11CV726, 2011 WL 4804870 (E.D. Va. Oct. 11, 2011) (noting that "[w]hether

an employer has standing to assert a Section 256 claim . . . turns on whether the employee has

assigned his putative ownership rights in the patent to the employer").

It is impossible at this time, however, to rule on whether Tecnomatic's claim for

correction of inventorship is futile, as Tecnomatic did not provide the claim's proposed language

upon filing this motion.  [Dkt. 416.]  While Local Rule 15-1(a)(1) dictates that "[a] motion to

amend a pleading must . . . include . . .  the signed proposed amended pleading," this is not a

motion to amend a pleading but instead a Motion for Leave to Add Correction of Patent

Inventorship Count to Tecnomatic's First Amended Complaint (emphasis added).  The Court has already granted in part Tecnomatic's Motion to Leave to File an Amended Complaint.  [Dkt. 403.]  Remy argues that Tecnomatic's claim should be dismissed, but Remy has not yet seen the language of the claim against which it argues.

Therefore, the Court invokes its broad discretion and **GRANTS** Tecnomatic's Motion for Leave to Add Correction of Patent Inventorship Count to Tecnomatic's First Amended Complaint [Dkt. 416], advising Tecnomatic to carefully regard Remy's reminder concerning the threshold to withstand a motion to dismiss in adding such a claim.

### III. Conclusion

For the aforementioned reasons, the Court hereby **GRANTS** Tecnomatic's Motion for Leave to Add Correction of Patent Inventorship to Tecnomatic's First Amended Complaint. [Dkt. 416.]

Date:    06/04/2013

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:
All Electronically Registered Counsel