UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TECNOMATIC, S.P.A., ) <br> REMY, INC, ) <br>  ) <br> Plaintiffs, ) <br>  ) <br> vs. ) <br>  ) <br> REMY, INC., ) <br> HANSON SYSTEMS, LLC D/B/A EAGLE ) <br> TECHNOLOGIES GROUP, ) <br> ODAWARA AUTOMATION, INC., ) <br> REMY INTERNATIONAL, INC., ) <br> DELCO REMY MEXICO, S.R.L. DE C.V., ) <br> REMY COMPONENTES S. DE R.L. DE ) <br> C.V., ) <br> 1-5 DOES, ) <br> TECNOMATIC S.P.A., ) <br> RICHARD VAN SICKLE, ) <br> MARK STEPHENSON KEVIN, ) <br> KEVIN YOUNG, ) <br> STUART PERRY, ) <br>  ) <br> Defendants. ) | No. 1:11-cv-00991-SEB-MJD |

**ORDER**

This cause is before the Court on two motions for Clarification and Reconsideration [Docket Nos. 234, 294] filed by Plaintiff Tecnomatic, S.P.A. ("Tecnomatic") and a Motion for Judgment on the Pleadings [Docket No. 290] filed by Defendants Remy Inc., Remy International, Inc., Delco Remy Mexico, S.R.L. De C.V., and Remy Componentes S. De R.L. De C.V. ("Remy"). For the reasons detailed herein, Docket No. 234 is GRANTED IN PART AND DENIED IN PART and Docket No. 294 is DENIED, subject to the clarification stated herein. Remy's Motion for Judgment on the Pleadings is DENIED. This order also addresses

1

Tecnomatic's response to the show cause order explaining why its unjust enrichment claim against Odawara should not be dismissed [Dkt. No. 423]. As discussed below, we find that Tecnomatic's claim is preempted by the IUTSA and thus we dismiss that claim.

### I.   Procedural Background

Tecnomatic has filed motions requesting that we reconsider, clarify, or vacate two of our prior orders dismissing claims it had brought against two Defendants, Remy and Odawara Automation, Inc. ("Odawara").[1] Tecnomatic argues that various rulings adverse to it were made in error and that subsequently discovered evidence warrants reconsideration of these rulings as well. Though Tecnomatic attached numerous exhibits to both of its motions, it did not submit a proposed amended complaint containing any allegations based on this evidence. Tecnomatic did file a separate motion for leave to file an amended complaint, which the magistrate judge granted in part and denied in part. Dkt No. 403. Given that these motions for reconsideration were pending at the time of the magistrate judge's ruling, he denied Tecnomatic's request for leave to amend the claims which had been dismissed with prejudice, subject to reconsideration following a resolution of the motions for reconsideration, if appropriate.[2] Dkt. No. 403 at 21.

Each of the orders that Tecnomatic seeks to have the Court reconsider, clarify, or vacate is summarized below:

### A.   Summary of our prior order on Odawara's Motion to Dismiss [Docket No. 230]

---

[1] A third Defendant, Hanson Systems d/b/a Eagle Technologies Group ("Eagle") was previously a party to this litigation. In March 2013, Tecnomatic and Eagle entered into a Consent Judgment and Permanent Injunction. [Dkt. No. 413].

[2] Following the issuance of the magistrate judge's order, Tecnomatic filed its First Amended Complaint [Docket No. 415]. This version of the Complaint is now subject to two Motions to Dismiss [Dkt. Nos. 436, 462] filed by Odawara and Remy and a Motion to Strike [Dkt. No. 437] filed by Odawara. In light of the rulings made herein, these motions are <u>DENIED AS MOOT</u>. Defendants may re-file these motions based on the amended version of the Complaint, if they are still relevant following our decision.

Defendants Eagle and Odawara sought to dismiss Tecnomatic's claims against them for misappropriation of trade secrets (Count VI), intentional interference (Counts XIII, XIV), and unjust enrichment (Count XV). After careful review, we ruled that the misappropriation of trade secrets and intentional interference claims were subject to dismissal.

Our dismissal was based on the fact that Tecnomatic's misappropriation claim had accrued more than three years prior to the March 9, 2011 filing of the Complaint and was thus barred by the applicable statute of limitations. Specifically, the Court followed Defendants' approach crediting a March 26, 2007 letter from Tecnomatic's counsel expressing concern regarding the possible misappropriation of Tecnomatic's trade secrets as evidence of Tecnomatic's knowledge that a claim for misappropriation might exist. We were unconvinced by Tecnomatic's response to this assertion, specifically, that it was unaware of the misconduct of Eagle or Odawara due to fraudulent concealment. In its Response brief, Tecnomatic maintained that the alleged misappropriation was undisclosed by Defendants, the proof of which was the responsive letter from Remy's counsel denying that any misappropriation had occurred. Technomatic maintains that this denial "lull[ed] (it) into the false belief that no wrongful acts had been committed." Docket No. 139 at 8-9; Docket No. 140 at 6-8. In our dismissal order, we held: (1) that Tecnomatic had failed to allege an undisclosed intent on the part of Eagle or Odawara that went "above and beyond" their alleged misappropriation; (2) that even if the concealed nature of Defendants' actions had sufficed as fraudulent concealment, such concealment was offset or neutralized by Tecnomatic's letter inquiring about the activity; see Miller v. A.H. Robins Co., 766 F.2d 1102, 1106-07 (7th Cir. 1985) ("When a plaintiff learns of information that would lead to the discovery of the cause of action through diligence, the statute of limitations begins to run, regardless of concealment."); and (3) that the letter from Remy's counsel denying that any

3

misappropriation had occurred did not, as a matter of fact or law, constitute fraudulent concealment.

We also dismissed Tecnomatic's tortious interference claims based on the two-year statute of limitation applicable to those claims. The parties agreed that the alleged interference by Odawara and Eagle occurred in May and September 2008, when Remy terminated its contractual relationship with Tecnomatic and revoked certain purchase orders. Thus, we ruled that these alleged breaches of the contract by Remy sufficed to put Tecnomatic on notice that it had sustained an injury. Because Tecnomatic's claims were not filed until March 2011 -- three years after the alleged injury -- they were barred by the statute of limitations.

Finally, we denied the requests of Odawara and Eagle to dismiss Tecnomatic's unjust enrichment claims. Noting that the allegations in Tecnomatic's Complaint were very broad and that there was some possibility, therefore, that Tecnomatic's unjust enrichment claim might include actionable conduct separate from its misappropriation of trade secrets claim, we did not dismiss Tecnomatic's unjust enrichment claim based on preemption under Indiana's version of the Uniform Trade Secrets Act ("IUTSA"), Ind. Code § 24-2-3 *et. seq.*[3]

**B.     Summary of our prior order on Remy's Motion to Dismiss [Dkt. No. 283]**

The Remy Defendants also sought dismissal of Tecnomatic's claims against them. In ruling on this motion, we agreed with Remy that Tecnomatic had failed to state claims for negligent misrepresentation (Count III), actual fraud (Count IV), constructive fraud (Count V), breach of fiduciary duty (Count VII), federal unfair competition (Count VIII), state law or

---

[3] Since the time of our Order, the Indiana Court of Appeals has issued HDNet LLC v. North Am. Boxing Council, 972 N.E.2d 920 (Ind. Ct. App. 2012) trans. denied, 980 N.E.2d 322 (Dec. 7, 2012). In his order granting in part and denying in part Tecnomatic's Motion for Leave to File an Amended Complaint [Docket No. 403], the magistrate judge provided Tecnomatic an opportunity to rebut that the HDNet decision defeats the unjust enrichment claim against Odawara. As discussed more fully below, we conclude that the HDNet decision is directly applicable to this case, thus preempting Tecnomatic's unjust enrichment claim based on the IUTSA.

common law unfair competition (Counts IX and X), false/misleading representations (Count XI), and correction of inventorship (Count XII) and, thus, dismissed these claims as to them. We denied Remy's motion with respect to Tecnomatic's claims for breach of contract (Counts I and II) and for trade secret misappropriation (Count VI).

## II. Legal Standard

Our authority to reconsider our prior rulings dismissing Tecnomatic's claims arises under Federal Rule of Civil Procedure 54(b), which states in part that "any order or other form of decision . . . which adjudicates fewer than all the claims . . . is subject to revision at any time before the entry of judgment adjudicating all the claims. . . ." Even so, "[m]otions for reconsideration serve a limited function; to correct manifest errors of law or fact or to present newly discovered evidence." Rothwell Cotton Co. v. Rosenthal & Co., 827 F.2d 246, 251 (7th Cir. Ill. 1987)(quoting Keene Corp. v. International Fidelity Insurance Co., 561 F. Supp. 656 (N.D. Ill. 1976), aff'd, 736 F.2d 388 (7th Cir. 1984)). "Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." Caisse Nationale De Credit Agricole v. CBI Indus., 90 F.3d 1264, 1270 (7th Cir. 1996). We apply these principles below.

### A. Reconsideration of the Court's Order on Odawara's Motion to Dismiss

As previously noted, Tecnomatic now requests that the Court reconsider, clarify, and/or vacate its determinations relating to Counts VI, XIII, and XIV. Dkt. No. 234. However, the arguments advanced in Tecnomatic's opening brief relate only to its trade secrets misappropriation claim (Count VI). Thus, we shall not reconsider our decision to dismiss Tecnomatic's intentional interference claims (Counts XIII and XIV). Tecnomatic's reconsideration request is based largely on its argument that the Court's determination that

5

Tecnomatic's trade secret misappropriation claim is barred by the statute of limitation reflects manifest errors of fact and law. Tecnomatic also asserts that new evidence supporting a trade secret misappropriation claim has surfaced that warrants reconsideration of our ruling. We address both of these assertions below.

1. **The Court's Dismissal of Tecnomatic's Trade Secret Misappropriation Claim**

In its motion to dismiss, Odawara argued that Tecnomatic's misappropriation of trade secrets claim was barred by Indiana's statute of limitations because Tecnomatic failed to file its Complaint within three years of the claim's accrual. In support, Odawara pointed out that Tecnomatic's counsel sent a letter to Remy on March 26, 2007 expressing its concerns regarding the possible misappropriation of Tecnomatic's trade secrets. Tecnomatic rejoined that the Illinois statute of limitations, rather than Indiana's statute, applied here. In the event that the Court found that the Indiana statute of limitations does apply, Tecnomatic advanced two arguments: (1) that Tecnomatic was "completely unaware of [Defendants'] wrongdoing, and it does not follow that simply because Tecnomatic knows *now* that misappropriation occurred in 2007, it knew of that misappropriation in 2007 (Dkt. No. 139 at 7; Dkt. No. 140 at 6); and (2) that Defendants surreptitiously carried out their plan to misappropriate Tecnomatic's trade secrets and, when Remy denied that Eagle or Odawara was examining Tecnomatic's equipment or manuals, they "lull[ed] Tecnomatic into the false belief that no wrongful acts had been committed." (Dkt. No. 139 at 8; Dkt. No. 140 at 8).

The first of these arguments by Tecnomatic was and remains a nonstarter. Its own allegations regarding the March 26, 2007 letter confirm that Tecnomatic was not "completely unaware" that the photography of its equipment might be part of a misappropriation of its trade secrets. Thus, we address only the second of their arguments below.

In determining whether the applicable statute of limitations bars Tecnomatic's misappropriation of trade secrets claim, the Court considers when Tecnomatic knew or, in the exercise of ordinary diligence, could have discovered that it had a claim for misappropriation of trade secrets. This inquiry is distinct from any consideration regarding fraudulent concealment. The discovery rule governs the date upon which the misappropriation claim accrued, focusing on what a claimant knew (or could have known) and when. Courts may invoke the equitable doctrine of fraudulent concealment if and when a defendant engages in acts beyond those that make up the claim in an effort to conceal that claim from the plaintiff. See Gabelli v. SEC, 133 S. Ct. 1216, 1220 n. 2 (2013). Only if Tecnomatic's allegations establish that it possessed some knowledge of or in the exercise of ordinary diligence could have discovered, its claim more than two years before it filed its Complaint, would the Court need to consider whether Remy's actions constitute fraudulent concealment of that cause of action and warrant equitable tolling. Upon reconsideration, construing the allegations in the light most favorable to Tecnomatic, we now hold that Tecnomatic's claim is not time barred.

Under Indiana law, "'a cause of action accrues, and the statute of limitations begins to run, when a claimant knows or in exercise of ordinary diligence should have known of the injury,' not of the mere possibility of an injury in the future." Bernstein v. Bankert, 702 F.3d 964, 987 (7th Cir. 2012)(quoting Pflanz v. Foster, 888 N.E.2d 756, 759 (Ind. 2008)). "The exercise of reasonable diligence means simply that an injured party must act with some promptness where the acts and circumstances of an injury would put a person of common knowledge and experience on notice that some right of his has been invaded or that some claim against another party might exist." Bambi's Roofing, Inc. v. Moriarty, 859 N.E.2d 347, 356 (Ind. Ct. App. 2006).

Here, the March 26, 2007 letter makes clear that Tecnomatic harbored some concerns that its system "was being photographed by persons not known to [Tecnomatic's] employees," which photography might constitute a misappropriation of its trade secrets. Thus, based on the March 26th letter as excerpted in Tecnomatic's Complaint, it is clear that Tecnomatic knew that photography had occurred that might be a form or means of trade secret misappropriation. But suspicion is different from knowledge, particularly when Tecnomatic's suspicions apparently were mollified by an admittedly vague response from Remy's counsel.[4] At least at this stage in the litigation, we agree with Tecnomatic that its allegations could support a finding that its expressed concerns were alleviated by Remy's counsel's response, irrespective of whether that response sufficed as fraudulent concealment.

Trade secret misappropriation is governed by Indiana's Uniform Trade Secret Act ("IUTSA"), IND. CODE § 24-2-3-1 *et seq,* which defines "misappropriation" as "disclosure or use of a trade secret without consent by one who knew or had reason to know the trade secret was 'acquired under circumstances giving rise to a duty to maintain secrecy or limit its use' or derived from one who 'owed a duty to the person seeking relief to maintain its secrecy or limit its use.'" Comentis, Inc. v. Purdue Research Found., No. 4:09 cv 82 PPS, 765 F. Supp. 2d 1092, 1100 (N.D. Ind. 2011)(quoting IND. CODE § 24-2-3-2(2)(B)(ii)-(iii)). As Tecnomatic explained in its memorandum supporting the instant motion, "It is the *identity* of who was taking that photographs (sic)and for what *purpose* the photographs were being take (sic) that gives rise to the misappropriation claims" or, as the statute puts it, that constitutes the actionable "disclosure

---

[4] We note that Tecnomatic's March 26, 2007 letter requested that Remy identify the persons who had been permitted to photograph its system as well as the purpose of such photographs, but Remy's response never provided that information. Instead, Remy's counsel twice stated that Remy had no intention of violating Tecnomatic's intellectual property rights. He also offered various explanations for Remy's practice of photographing equipment. However, Remy never answered Tecnomatic's questions directly by identifying fully the persons permitted to photograph Tecnomatic's system.

or use."[5]  Pl.'s Mem. at 12.  Thus, construing the allegations in a light most favorable to Tecnomatic, we now reverse our prior dismissal of Tecnomatic's misappropriation claim and reinstatae that cause of action as a part of this litigation.

We emphasize that our decision to allow Tecnomatic's claim to go forward does not signal that the statute of limitations issue has been conclusively resolved.  As preparations continue for trial, evidence may come to light that puts Tecnomatic's March 26th letter in a different or clearer context that explains or confirms the reasonableness of the view that the photography did in fact provide it with sufficient knowledge that misappropriation might have occurred.  For now, based on Tecnomatic's current allegations, such a conclusory finding eludes us.[6]

### 2. New Evidence of Trade Secret Misappropriation

Tecnomatic also contends that new evidence discovered after completion of the briefing on Odawara's motion to dismiss supports additional misappropriation of trade secrets claims.  It remains unclear whether this evidence is being proffered as support for new and entirely distinct claims of trade secret misappropriation or whether it merely bolsters Tecnomatic's original claim.  Given our decision to vacate the prior order dismissing Tecnomatic's trade secret misappropriation claim, we need not address whether this new evidence provides an additional basis for vacating that order.  Assuming this new evidence does indeed support its allegations of trade secret misappropriation, Tecnomatic may include them in its Amended Complaint.

### B. Reconsideration of the Court's Order on Remy's Motion to Dismiss

---

[5] Odawara argues that Tecnomatic waived this argument by failing to raise it in its Opposition to Odawara's Motion to Dismiss. Resp. at 15. We disagree. As noted above, Tecnomatic's Opposition was based primarily on its contention that Indiana's statute of limitations did not apply. Furthermore, to the extent that Indiana law does apply, Tecnomatic focused on Remy's conduct, characterizing it as "active concealment," and on comparing what Tecnomatic knew at the time of briefing versus the time of the alleged wrongdoing (which, as discussed above, is irrelevant). However, Tecnomatic did argue that its lack of awareness of Odawara's involvement delayed the accrual of its claim pursuant to the discovery rule. Thus, it did not waive this argument.

[6] Based on the Court's previous decision regarding the trade secret misappropriation claim against Odawara, Remy filed a motion for judgment on the pleadings. [Dkt. No. 291]. For the reasons explained herein, we vacate that previous decision and Remy's motion is therefore ~~DENIED~~.

To summarize, the Court has dismissed the following claims against Remy: negligent misrepresentation (Count III), actual fraud (Count IV), constructive fraud (Count V), breach of fiduciary duty (Count VII), federal unfair competition (Count VIII), state law or common law unfair competition (Counts IX and X), false/misleading representations (Count XI), and correction of inventorship (Count XII) and, thus, dismissed these claims. Tecnomatic has requested reconsideration of these rulings with regard to Counts III, IV, V, VII, IX, and X, on the grounds that they were based on manifest errors of law or fact. We discuss these arguments below.

We begin by addressing Tecnomatic's request challenging our decision to dismiss its claims with prejudice.[7] Pursuant to Federal Rule of Civil Procedure 15(a), "[t]he court should freely give leave [to amend claims] when justice so requires." Pleadings are subject to amendments "in the absence of any apparent or declared reason — such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." King v. Cooke, 26 F.3d 720, 723 (7th Cir. 1994) (citations omitted).

The Court's prior dismissals reflected the state of the allegations in the Complaint then before us in light of the arguments advanced in the parties' briefing. The Court dismissed Tecnomatic's negligent misrepresentation, fraud, constructive fraud, breach of fiduciary duty, and unfair competition claims with prejudice because the defects in Tecnomatic's Complaint at that point were considered incurable. For instance, we held that the misrepresentations that Tecnomatic and Remy disputed, i.e. Remy's statements misrepresenting its intention to consider

---

[7] Although Tecnomatic's brief references its request that we reconsider our dismissals of *all* of its claims with prejudice, Tecnomatic devotes considerable discussion of this request with regard to its fraud claim only.

10

a joint venture and certain statements in the letter from Remy's General Counsel, were not material misrepresentations of past or existing fact and thus not fraud. No amendment could overcome that deficiency. While Tecnomatic is correct that it need not "plead any particular legal theory," the Court is not obligated to supply a legal justification for Tecnomatic's claims when Defendants seek their dismissal.

That said, we note that only the claims as they were then crafted have been dismissed. If conduct not previously passed upon by the Court comes to light as newly discovered evidence, Tecnomatic is free to assert such claims in an Amended Complaint.[8]

Tecnomatic's challenges to the Court's decisions to dismiss the claims for fraud, negligent misrepresentation, constructive fraud, breach of fiduciary duty, and unfair competition due to manifest errors of law or fact are all arguments that were available and that could have been advanced previously but for whatever reason were not. Other arguments by Tecnomatic advanced in its motion to reconsider are rehashes of prior arguments considered and rejected by the Court. Thus, we deny Tecnomatic's motion to reconsider our previous dismissals of these claims.

### C. Tecnomatic's Unjust Enrichment Claim Against Odawara

When the Court previously denied Odawara's and Eagle's motions to dismiss Tecnomatic's unjust enrichment claims against them, we observed that these allegations in Tecnomatic's Complaint were very broad, leaving open a possibility that Tecnomatic's unjust enrichment claim might actually be comprised of some form of actionable conduct separate and apart from a misappropriation of trade secrets claim. Thus, we declined to dismiss Tecnomatic's

---

[8] Remy argues that none of Tecnomatic's new evidence supports new claims. However, we must await the filing of an Amended Complaint before making any such determination.

claim based on preemption by Indiana's version of the Uniform Trade Secrets Act ("IUTSA"), Ind. Code § 24-2-3 *et. seq.*

Following the issuance of our order, the Indiana Court of Appeals determined that the preemption provision contained in the IUTSA "abolishes all free-standing alternative causes of action for theft or misuse of confidential, proprietary, or otherwise secret information falling short of trade secret status (e.g. idea misappropriation, information piracy, theft or commercial information, etc.)." HDNet LLC v. North Am. Boxing Council, 972 N.E.2d 920 (Ind. Ct. App. 2012) trans. denied, 980 N.E.2d 322 (Dec. 7, 2012) (quoting BlueEarth Boifuels, LLC v. Hawaiian Elec. Co., 235 P.3d 310 (Haw. 2010)). In the case before us, the magistrate judge granted in part and denied in part Tecnomatic's Motion for Leave to File an Amended Complaint [Docket No. 403], allowing Tecnomatic an opportunity to dispute the applicability of the holding in the HDNet decision to its unjust enrichment claim against Odawara. Having reviewed Tecnomatic's arguments against preemption, we find them unpersuasive. Tecnomatic's unjust enrichment claim must therefore be dismissed.

Tecnomatic argues that the decision in HDNet does not create new law justifying the preemption of its unjust enrichment claim. That decision, says Tecnomatic, merely confirmed the holding of one of *this* Court's earlier decisions that was controlling when we declined to dismiss Tecnomatic's claim. Dkt. No. 423 (citing to King-Indiana Forge, Inc. v. Millenium Forge, Inc., 2009 WL 734720 (S.D. Ind. Mar. 18, 2009) (J. Barker). Tecnomatic's argument here is unusual, to say the least, asserting that because this court previously held that the IUTSA preempts alternative causes of action for the theft of confidential information, while declining to dismiss Tecnomatic's claim, we should now disregard the clear effect of the HDNet decision endorsing our conclusion in King-Indiana Forge, Inc.. This argument is strange, indeed.

Rulings entered prior to the HDNet decision by this Court or any other do not diminish its significance as the current established law of Indiana.[9] More than strange, it is wrong.

Tecnomatic also contends that its unjust enrichment claim does not conflict with and thus is not preempted by the IUTSA because the way in which the claim has been fashioned is broader than merely the wrongful use of confidential information. Tecnomatic explains that its unjust enrichment count is also premised on Odawara's "free-riding on the backs of Tecnomatic's employees, including the benefit of their general skill, expertise, accumulated experience, and general "sweat of the brow."" Dkt. No. 423 at 6. However, the benefits Tecnomatic references are those derived from Odawara's alleged misuse of Tecnomatic's confidential information. Paragraph 187 of the Amended Complaint, cited by Tecnomatic as support of this point, states as follows: "*As a result of the access to and use of Tecnomatic confidential and proprietary information*, Eagle and Odawara and others were able to shorten development, research and development, engineering and manufacturing time and to sell stator equipment to Remy that is a copy of and/or the result of the benefits of improper accessing and using of Tecnomatic confidential information." Dkt. No. 415-1 ¶ 187 (emphasis added). Such allegations do not suffice to state an unjust enrichment claim based upon wrongful conduct, independent of the misappropriation of trade secrets claim.

Finally, Tecnomatic maintains that it is premature for us to determine whether its unjust enrichment claim is preempted by the IUTSA, because we have not yet ruled on Tecnomatic's

---

[9] Tecnomatic argues in its Reply brief that HDNet was wrongly decided and that this Court is not bound by that decision. Because this argument was not raised in the opening brief, it is waived. United States v. Williams, 436 F.3d 767, 769 (7th Cir. 2006). Furthermore, while federal district courts are not necessarily bound by the decisions of the Indiana Court of Appeals, Robinson v. Ada S. McKinley Community Servs., 19 F.3d 359, 363 (7th Cir. Ill. 1994), ""intermediate appellate court decisions are . . . a strong indication of what the state's high court would do." Michel v. Am. Family Mut. Ins. Co., 2010 U.S. Dist. LEXIS 78343 (N.D. Ind. Aug. 2, 2010). We find no principled basis on which to conclude that the Indiana Supreme Court would likely disagree with the well-reasoned decision of the Court of Appeals in its HDNet opinion. Thus, we will not disregard the decision of the Indiana Court of Appeals on this point of Indiana law.

motion to reconsider the dismissal of its trade secrets misappropriation claim. Specifically, Tecnomatic argues that the preemption provision of the IUTSA would be inapplicable if the Court ultimately were to affirm its prior dismissal of the misappropriation claim. Dkt. No. 7. However, as Odawara notes, this argument embraces a misunderstanding of the principle of preemption. Whether Tecnomatic's misappropriation of trade secrets claim is viable does not control whether its unjust enrichment claim is preempted by the IUTSA. See HDNet, 972 N.E.2d at 925 ("A claim cannot be preempted or not preempted based entirely upon whether or not the information at issue qualifies as a trade secret. If the information is a trade secret, the plaintiff's claim is preempted; if not, the plaintiff has no legal interest upon which to base his or her claim. Either way, the claim is not cognizable."). Tecnomatic's response is inconsistent and confusing in arguing that the Court should address the preemption issue at the time we address its Motion for Reconsideration, while contending in the following paragraph that it would be premature for us to consider the issue until discovery is completed. We know of no reason that completion of discovery is required before a decision is rendered on the application of preemption to Tecnomatic's claim as set out in the allegations of its Complaint.[10]

### Conclusion

For the reasons detailed herein, Tecnomatic's Motion for Clarification or Reconsideration [Dkt. No. 234] is <u>GRANTED IN PART AND DENIED IN PART</u>. We hereby vacate the portion of our previous ruling [Dkt. No. 230] dismissing Tecnomatic's trade secret misappropriation claim on statute of limitations grounds. In light of the supplemental briefing submitted by the parties on the issue of Tecnomatic's unjust enrichment claim [Dkt. No. 423], Tecnomatic's

---

[10] Tecnomatic also argues that its unjust enrichment claim is not preempted because the HDNet court specifically carved out an exception to the preemption provision where the information or idea is protected by contract. Tecnomatic asks the Court to imply a contract between Tecnomatic and Odawara to prevent Odawara's alleged windfall. This argument is advanced for the first time in Tecnomatic's Reply brief, and thus is deemed waived. United States v. Williams, 436 F.3d 767, 769 (7th Cir. 2006).

unjust enrichment claim is dismissed based on its preemption by the IUTSA. Tecnomatic's Motion for Clarification or Reconsideration [Dkt. No. 294] is <u>DENIED</u>, subject to the clarification regarding the dismissal of the claims with prejudice as stated herein. Remy's Motion for Judgment on the Pleadings [Dkt. No. 290] is <u>DENIED</u>, and Tecnomatic shall have 21 days within which to amend its Complaint in accordance with our rulings herein. We caution Tecnomatic that when re-fashioning its Complaint it is to include only those allegations based on newly discovered evidence and may not plead claims that this Court has already dismissed. In light of our decision to allow Tecnomatic to amend its Complaint, the two Motions to Dismiss Tecnomatic's First Amended Complaint [Dkt. Nos. 436, 462] filed by Odawara and Remy and a Motion to Strike [Dkt. No. 437] filed by Odawara are <u>DENIED AS MOOT</u>. Defendants may re-file these motions, if necessary, once Tecnomatic had filed its Amended Complaint.

 IT IS SO ORDERED.

Date: 06/20/2013

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

James E. Michel
BARNES & THORNBURG - Chicago
jmichel@btlaw.com

C. John Brown
BARNES & THORNBURG LLP
john.brown@btlaw.com

Patrick David Murphy
BOVERI MURPHY RICE  LLP
pmurphy@bmrllp.com

Charles P. Rice
BOVERI MURPHY RICE, LLP
crice@bmrllp.com

Justin M. Righettini
BRYAN CAVE LLP
justin.righettini@bryancave.com

Kara E. F. Cenar
BRYAN CAVE LLP
kara.cenar@bryancave.com

Mariangela M. Seale
BRYAN CAVE LLP
merili.seale@bryancave.com

Paula L Zecchini
BRYAN CAVE LLP
paula.zecchini@bryancave.com

S. Patrick McKey
BRYAN CAVE LLP
patrick.mckey@bryancave.com

Andrew C. Warnecke
Bryan Cave LLP
andrew.warnecke@bryancave.com

Donald  Cole
Byan Cave LLP.
donald.cole@bryancave.com

Colby Anne Kingsbury
FAEGRE BAKER DANIELS LLP - Chicago
colby.kingsbury@FaegreBD.com

David M. Allen
FAEGRE BAKER DANIELS LLP - Chicago
david.allen@faegrebd.com

Trina Kissel Taylor
FAEGRE BAKER DANIELS LLP - Chicago
trina.taylor@faegrebd.com

David P. Irmscher
FAEGRE BAKER DANIELS LLP - Indianapolis
david.irmscher@faegrebd.com

Munjot Sahu
FAEGRE BAKER DANIELS LLP - Indianapolis
munjot.sahu@faegrebd.com

Ryan Michael Hurley
FAEGRE BAKER DANIELS LLP - Indianapolis
ryan.hurley@FaegreBD.com

Joseph H. Yeager, Jr
FAEGRE BAKER DANIELS LLP - Indianapolis
jay.yeager@FaegreBD.com

Fred Anthony Paganelli
TAFT STETTINIUS & HOLLISTER LLP
paganelli@taftlaw.com

Scott A. Weathers
THE WEATHERS LAW OFFICE
scott@sawlaw.net

Charles D. Cooper
THOMPSON HINE LLP
chad.cooper@thompsonhine.com

Jason P. Bichsel
THOMPSON HINE LLP
jason.bichsel@thompsonhine.com

Nicholas W. Myles
THOMPSON HINE LLP

nicholas.myles@thompsonhine.com

Thomas A. Knoth
THOMPSON HINE LLP
tom.knoth@thompsonhine.com

Victoria L. Nilles
THOMPSON HINE LLP
victoria.nilles@thompsonhine.com