UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TECNOMATIC, S.P.A., <br> REMY, INC, <br> <br>       Plaintiffs, <br> <br>    vs. <br> <br> REMY, INC., <br> HANSON SYSTEMS, LLC D/B/A EAGLE <br> TECHNOLOGIES GROUP, <br> ODAWARA AUTOMATION, INC., <br> REMY INTERNATIONAL, INC., <br> DELCO REMY MEXICO, S.R.L. DE C.V., <br> REMY COMPONENTES S. DE R.L. DE <br> C.V., <br> 1-5 DOES, <br> TECNOMATIC S.P.A., <br> RICHARD VAN SICKLE, <br> MARK STEPHENSON KEVIN, <br> KEVIN YOUNG, <br> STUART PERRY, <br> <br>       Defendants. | No. 1:11-cv-00991-SEB-MJD |

**ORDER**

  Remy Inc., Remy International, Inc., Delco Remy Mexico, S.R. L. de C.V., and Remy Componentes S. de C.V. (collectively, "Remy") have filed their joint Petition for Attorneys' Fees [Dkt. No. 395] (as supplemented by Dkt. No. 426) seeking an award of $53,900.84 which amount Remy claims as reimbursement for amounts it expended in opposing Tecnomatic S.p.A.'s ("Tecnomatic's") unsuccessful Motion for Sanctions Pursuant to Rule 37 (the "Motion") and in responding to Tecnomatic's allegedly unfounded Objections to Magistrate Dinsmore's

Report & Recommendation to Deny Tecnomatic's Motion ("the Report and Recommendation"). Remy's fee request also seeks reimbursement of the expense it incurred in preparing the instant Petition.[1]

Magistrate Judge Dinsmore issued his Report and Recommendation on February 19, 2013. Dkt. No. 390. That Report recommended denial of Tecnomatic's Motion for Sanctions on several grounds, as summarized below:

> First, Tecnomatic did not comply with its meet and confer obligations under Federal Rule of Civil Procedure 37 or Southern District of Indiana Local Rule 37-1. Second, the testimony of Remy's witnesses, when considered in full, shows that these witnesses did not falsely testify. Third, Tecnomatic did not seek to compel the allegedly deficient discovery responses from Remy related to discovery served in the 2008 action. Remy consistently objected to producing certain documents and information in the 2008 action on relevancy grounds, but has produced the allegedly-withheld documents in response to Tecnomatic's 2011 claims to which Remy acknowledges those documents may be relevant. Finally, even if a discovery violation occurred, the dismissal of Remy's claims and/or defenses would be drastically severe and not proper in the present circumstances.

Dkt. No. 390 at 2-3.

We adopted the Report and Recommendation and denied Tecnomatic's Motion in light of its failure to comply with Federal Rule of Civil Procedure 37 and Local Rule 37-1 prior to the filing of its Motion.[2] See Dkt. No. 421. Our acceptance of the Report and Recommendation did not specifically refer to any of the alternative grounds referenced by the Magistrate, given the strong basis for denial on the specific grounds cited. Remy's Petition for Attorney's Fees followed and is now before us for a ruling.

---

[1] Remy is not seeking reimbursement for the costs incurred (as opposed to attorneys' fees) in connection with these activities.

[2] Federal Rule of Civil Procedure 37 provides that motions to compel or motions for sanctions for failing to answer or respond must include certifications that the movant has in good faith conferred or attempted to confer with the party from whom discovery is sought. Fed. R. Civ. P. 37(a)(1), 37(d)(1)(B). Moreover, Local Rule 37-1(b) states: "Any motion raising a discovery dispute must contain a statement setting forth the efforts taken to resolve the dispute, including the date, time, and place of any discovery conference and the names of all participating parties. The court may deny any motion raising a discovery dispute that does not contain such a statement."

Rule 37(a)(5)(B) provides that where, as here, a motion such as Tecnomatic's is denied, "the court … must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees." The Rule further specifies that "the court must *not* order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(B) (emphasis added).

The Seventh Circuit has held that Rule 37 "presumptively requires every loser to make good the victor's costs," suggesting that the fee shifting requirements encourage the voluntary resolution of discovery disputes by the parties. Rickels v. City of South Bend, 33 F.3d 785, 786 (7th Cir. 1994). As the Rule makes clear, "[a] loser may avoid payment by establishing that his position was substantially justified." Id. at 787. Substantial justification exists if the Motion posited a "genuine dispute" or if reasonable people could differ as to the appropriateness of the contested action. Fogel v. Bukovic, No. 11 C 1178, 2011 U.S. Dist. LEXIS 65957, at *8 (N.D. Ill. June 20, 2011) (citing Pierce v. Underwood, 487 U.S. 552, 565 (1988)).

In light of Tecnomatic's failure to comply with its meet and confer obligations, there was no genuine dispute underlying its Motion and it lacked substantial justification. Cf. Carlson v. City of Delafield, 2010 U.S. Dist. LEXIS 44183, at *11 (E.D. Wis. Apr. 21, 2010) (holding that a motion to compel was not substantially justified because, *inter alia*,"[the movant's] failure to satisfy the meet and confer requirements with respect to the e-mail discovery dispute is blatant

and lacks a reasonable factual basis."). Furthermore, Tecnomatic has cited no circumstances that would make such an award to Remy of its attorneys' fees unjust.[3]

Because Tecnomatic's Motion for Sanctions was not substantially justified, we hold that Remy is entitled to reimbursement of its reasonable fees and expenses. We turn next to review Remy's specific claims. The chart below summarizes the hours spent by each of Remy's attorneys as well as their requested hourly rates. Exhibit 1 reflects the fees Remy claims in connection with opposing the Motion for Sanctions. Exhibit 2 reflects the fees Remy incurred in responding to Tecnomatic's objections to the Report and Recommendation and in creating its Petition for Fees. All told, Remy's Petition for Fees amounts to $53,900.84.

**Exhibit 1**

| Attorney | March and April Hours | Discounted Rate (5%) | Time Value | Post April Hours | Discounted Rate (10%) | Time Value | Total Time Value |
|---|---|---|---|---|---|---|---|
| D. Irsmscher | 8.7 | 494.00 | 4,297.80 | 0 | -- | 0 | 4,297.80 |
| J. Yeager | 8.8 | 541.50 | 4,765.20 | 0 | -- | 0 | 6,509.40 |
| J. Ferber | 0.3 | 223.25 | 66.98 | 0 | -- | 0 | 66.98 |
| M. Sahu | 48.0 | 237.50 | 11,400.00 | 0 | -- | 0 | 11,400.00 |
| R. Hurley | 4.9 | 342.00 | 1,675.80 | 0.2 | 324.00 | 64.80 | 1,740.60 |
| | | | | | | | **Total: $22,270.58** |

**Exhibit 2**

| Attorney | Hours | Discounted Rate (5%) | Total Time Value |
|---|---|---|---|
| J. Yeager | 18.7 | 565.25 | 10,570.18 |
| S. Russo | 8.3 | 318.25 | 2,641.48 |

---

[3] The only "circumstance" Tecnomatic points to in support of its argument is that it is a small company with resources that "pale" in comparison to that of Remy. However, Tecnomatic's size or resources relative to those of Remy are not controlling in determining the fairness of awarding Remy its reasonable expenses.
   Tecnomatic also maintains that it was "necessary" for it to object to Magistrate Dinsmore's Report and Recommendation in order to preserve the issue for appeal and that, thus, ordering it to pay fees associated with Remy's response to those objections would be "unjust." We are not so persuaded.

| M. Sahu | 49.4 | 270.75 | 13,375.05 |
| B. Kuzola | 3.4 | 213.75 | 726.75 |
| R. Hurley | 7.4 | 380.00 | 2,812.00 |
| A. Castor | 7.2 | 209.00 | 1,504.80 |
| | | | **Total: 31,630.26** |

District courts in the Seventh Circuit calculate reasonable attorneys' fees utilizing the "lodestar" method, that is, a reasonable hourly rate multiplied by the hours reasonably expended. Johnson v. GDF, Inc., 668 F.3d 927, 929 (7th Cir. 2012). "In limited circumstances, once calculated, the lodestar amount may be adjusted." Id. In support of its Petition, Remy submitted the Declaration of Joseph Yeager. Jr., one of its attorneys, along with invoices issued to Remy by the law firm, Faegre Baker & Daniels ("FBD") reflecting the fees as detailed above. FBD redacted these records to reflect only the hours and entries for which Remy seeks reimbursement. Yeager further declared that he is familiar with the hourly rates charged in the Indianapolis, Indiana legal market for the type of legal services his firm provided to Remy and that they are "reasonable in amount, given the complexity of this case, Tecnomatic's conduct, and the severity of the sanctions that Tecnomatic sought to impose." Yeager Decl.

Tecnomatic rejoins that Remy has failed to substantiate its attorneys' fees request in terms of both the rates charged and the claimed hours expended. As explained below, we disagree with Tecnomatic's assertions.

      A.      **Reasonableness of the Rates Charged by Remy's Counsel**

Tecnomatic argues that Remy's submissions in support of the reasonableness of its attorneys' rates lack "independent evidence" of the prevailing market rate(s) for the Indianapolis market. Tecnomatic's argument overlooks the fact that the hourly rate charged for the services rendered is "'presumptively appropriate' to use as the market rate.'" Spegon v. Catholic Bishop, 175 F.3d 544, 554-55 (7th Cir. 1999) (citations omitted). "Only if an attorney is unable to

provide evidence of [his or her] actual billing rates should a district court look to other evidence, including 'rates similar experienced attorneys in the community charge paying clients for similar work.'" Mathur v. Bd. of Trs. of S. Ill. Univ., 317 F.3d 738, 743 (7th Cir. 2003).

We agree with Tecnomatic that, "[t]he burden of proving the market rate is on the party seeking the fee award." Gautreaux v. Chicago Hous. Auth., 491 F.3d 649, 659 (7th Cir. 2007) (quoting Uphoff v. Elegant Bath, Ltd., 176 F.3d 399, 407 (7th Cir. 1999)). However, "once an attorney provides evidence establishing his market rate, the opposing party has the burden of demonstrating why a lower rate should be awarded." Id. at 659-660. Remy's Petition for Fees was based on each timekeeper's "normal hourly rate," including the discounts that FBD extended to Remy during the period the fees were incurred. Thus, we accept those actual billing rates as appropriate, which shifts the burden to Tecnomatic to demonstrate why a lower rate is appropriate and should be awarded. Tecnomatic does not contend that the rates claimed by Remy are unreasonable. Thus, its objections are unavailing.

### B.     Reasonableness of Hours Expended

As stated above, the lodestar approach is determined by multiplying the number of hours reasonably expended by the attorneys' reasonable hourly rates. Johnson, 668 F.3d at 929. "The Supreme Court has directed that '[c]ounsel for the prevailing party should make a good-faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission.'" Davis v. Budz, No. 99 C 3009, 2011 U.S. Dist. LEXIS 35276, *5 (N.D. Ill. Mar. 31, 2011) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983). "For example, the court must disallow hours spent on tasks that would not normally be billed to a client and also those hours expended by counsel on tasks that are easily delegable to non-professional

assistance." Cooper v. Verifications, Inc., No. 1:04-cv-385-TS, 2008 WL 5332190, at *12 (N.D. Ind. Dec. 18, 2008).

Again, Tecnomatic does not claim that Remy's calculation of its hours expended in opposing the Motion, Objections, or Petition is unreasonable. Instead, Tecnomatic attacks Remy's claim characterizing it as "block-billing," which combines various tasks within a single billing description, the vagueness of which prevents the Court from being able to determine the reasonableness of the fees and/or services.[4] Tecnomatic's complaint centers on Remy's admission that "[i]n some cases, the FBD attorneys and paralegals . . . recorded all of their time for this matter on a given day together, thus including in the same entry time spent on work related to the Petition and Objections, as well as other work related to the case." Dkt. 395-1, ¶ 5; Dkt. 426-1, ¶ 5. In these instances, "each attorney and paralegal . . . (a) reviewed each of his or her own entries related to work completed in connection with the [Motion, Objections, and Petition], and (b) estimated the amount of time he or she spent on work not related to the [Motion, Objections, and Petition]." Id. On this basis, Remy estimated its total hours of attorney time expended relating to the Motion, Objections, and Petition.

The Supreme Court requires attorneys to exercise "billing judgment" when maintaining billing time records. Hensley, 461 U.S. at 437. Unless the hours claimed appear to be unreasonable (which, as noted before, Tecnomatic does not contend) or the billing descriptions are so vague that the Court is unable to assess their reasonableness, we defer to their judgment. Cf. Cardiac Pacemakers, Inc. v. St. Jude Medical, Inc., 2002 WL 1801647 (S. D. Ind. July 5, 2002) (accepting an attorney's estimate of time devoted to a specific issue based on the attorney's professional judgment and memory). Here, the un-redacted portions of the billing

---

[4] Tecnomatic does not direct us to any specific billing entry that it maintains is too vague. Thus, Tecnomatic's vagueness complaint is itself vague, so much so that it dies of its own weight.

descriptions are sufficiently detailed to allow us to determine that the hours claimed were reasonable. The descriptions detail the individual tasks performed by each attorney. For example:

- "Brief review of motion for sanctions; telephone conference with J. Yeager re same;"
- "Retrieve cases cited in Tecnomatic's Brief in Support of Motion for Sanctions; keycite same;"
- "Call with D. Irmscher and R. Hurley re response to motion for sanctions; review documents in preparation for drafting response,"
- "Review Magistrate's recommendation regarding sanctions motion and email Q. Williams and JJ Shives regarding same;"
- "Conference with M. Sahu regarding fee petition on motion for sanctions;"

The hours claimed by Remy in relation to the tasks performed are reasonable and it is entitled to reimbursement accordingly.

## Conclusion

For the reasons detailed herein, we grant Remy's request for an award against Tecnomatic in the amount of $53,900.84.

IT IS SO ORDERED.

Date: 12/17/2013

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Copies to: Electronically registered counsel of record via ECF.