UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| REMY, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Consolidated Civil Action |
| vs. ) | |
| ) | 1:11-cv-00991-SEB-MJD |
| TECNOMATIC, S.P.A., ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |
| TECNOMATIC, S.P.A., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| REMY INC., INC., REMY INTERNATIONAL, ) | |
| INC., DELCO REMY MEXICO, S.R.L. DE C.V., ) | |
| REMY COMPONENTES S. DE R.L. DE C.V., ) | |
| ODAWARA AUTOMATION, INC., RICHARD ) | |
| VAN SICKLE, MARK STEPHENSON, KEVIN ) | |
| YOUNG, STUART PERRY AND DOES 1 - 5, ) | |
| ) | |
| Defendant. ) | |

**SEALAED ORDER ON TECNOMATIC'S MOTIONS FOR LEAVE
TO AMEND COMPLAINT AND PLEADINGS**

This matter comes before the Court on Tecnomatic S.p.A's ("Tecnomatic") Motion for

Leave to Amend Complaint to Add Odawara Engineering and RVS Direct Services as

Defendants [dkt. 505], Motion for Leave to Amend Complaint to Add Remy Technologies, LLC

as a Defendant [dkt. 519], and Motion for Leave to Amend Pleadings [dkt. 562]. For the

following reasons, the Court hereby **GRANTS** Tecnomatic's motions.

1

## I. Background

This is a consolidated case that alleges a "series of acts" [dkt. 1, pg. 1,] including claims for breach of confidentiality, negligent misrepresentation, fraud, misappropriation of trade secrets, breach of fiduciary duty, unfair competition, false representation, and unjust enrichment. [Dkt. 1.] Tecnomatic filed its proposed First Amended Complaint on July 6, 2012, and on March 18, 2013 the Court, in part, granted Tecnomatic's Motion for Leave to File Amended Complaint [Dkt. 287]. Upon filing such First Amended Complaint, Tecnomatic also filed a Motion for Leave to Add Correction of Patent Inventorship Count, which was granted on June 4, 2013. [Dkt. 489.] Thus, the Second Amended Complaint, filed on July 12, 2013, is the complaint that currently governs these proceedings. [Dkt. 503.]

Upon filing such Second Amended Complaint, Tecnomatic again filed a Motion for Leave, this time to amend the Complaint to add Odawara Engineering and RVS Direct Services as Defendants, attaching its Third Proposed Amended Complaint. [Dkt. 505.] On August 1, 2013, without having received a ruling from the Court regarding its Third proposed Amended Complaint, Tecnomatic filed a Motion for Leave again to amend the Complaint to add Remy Technologies, LLC as a Defendant, attaching its Fourth Proposed Amended Complaint. [Dkt. 519.] Finally, on October 15, 2013, Tecnomatic filed yet another Motion for Leave, this time to amend the pleadings, both its Complaint as well as its Answer, affirmative defenses and Counterclaims to Plaintiff Remy, Inc.'s First Amended Complaint, attaching its Fifth (and final) Proposed Amended Complaint.[1] [Dt. 562.] All three motions will be addressed herein.

---

[1] Upon its submission of each newly proposed amended complaint, Tecnomatic amended its prior proposed amended complaint. In other words, the Fifth Proposed Amended Complaint includes the proposed amendments first seen in the Fourth Proposed Amended Complaint, which in turn includes the proposed amendments first seen in the Third Proposed Amended Complaint. Thus, the Court will treat the Fifth Proposed Amended Complaint as the only such proposed amended complaint to the governing Second Amended Complaint.

## II.  Discussion

Rule 15 of the Federal Rules of Civil Procedure states that the Court should freely grant leave to amend the pleadings "when justice so requires." Fed. R. Civ. P. 15(a). The default action is to grant such motions to amend, unless one of the few exceptions applies. *See Bethany Pharmacal Co., Inc. v. QVC, Inc.*, 241 F.3d 854, 861 (7th Cir. 2001). The Supreme Court determined that these exceptions are limited to "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Ferguson v. Roberts*, 11 F.3d 696, 706 (7th Cir. 1993) (quoting *Forman v. Davis*, 371 U.S. 178, 182 (1962)). When a party opposes an amendment to the pleadings under Rule 15, it is the opposing party's burden to prove that one of these exceptions applies. *See Short v. N. Pointe Ins. Co.*, 1:11-cv-00545-SEB-MJD, 2013 WL 1828024 at *13 (S.D. Ind. Apr. 29, 2013).

### A.  Tecnomatic's Motion for Leave to Amend Complaint to Add Odawara Engineering and RVS Direct Services as Defendants

Defendants Remy Inc., Remy International, Inc., Delco Remy Mexico S.R.L. de C.V. ("Remy Defendants"), Richard Vansickle, Mark Stephenson, Kevin Young, and Stuart Perry ("Individual Defendants") do not oppose Tecnomatic's request to add Odawara Engineering and RVS Direct Services as defendants. [Dkt. 536.] However, Defendant Odawara Automation, Inc. ("Odawara") opposes Tecnomatic's request to add Odawara Engineering as a defendant for several reasons. [Dkt. 530.]

#### 1.  Futility of the Amendment

In the Seventh Circuit, "[a]n amendment is futile if the added claim would not survive a motion for summary judgment." *Brewer v. Ray*, 181 F. App'x 563, 566 (7th Cir. 2006); *Bethany Pharmacal Co., Inc. v. QVC, Inc.*, 241 F.3d 854, 861 (7th Cir. 2001). In other words, if the

amendment fails to state a valid claim or presents no genuine dispute of material fact from Defendants' assertions, the amendment would be futile. Fed. R. Civ. P. 56(a); *Bower v. Jones*, 978 F.2d 1004, 1010 (7th Cir. 1992) (amended Count failed to state a valid claim and would have been futile). When ruling on such a motion, the Court construes all facts and draws all reasonable inferences in favor of the party moving to amend. *See Cler v. Illinois Educ. Ass'n*, 423 F.3d 726, 729 (7th Cir. 2005) (failure to state a valid claim); *Kersting v. Wal-Mart Stores, Inc.*, 250 F.3d 1109, 1114 (7th Cir. 2001) (motion for summary judgment).

Odawara argues that adding Odawara Engineering would be futile for two reasons: (1) the Court lacks personal jurisdiction over Odawara Engineering and (2) Tecnomatic has not alleged facts sufficient to justify adding Odawara Engineering as a party under an alter ego theory. [Dkt. 530 at 6-13.] The Court will address these arguments in succession.

Odawara relies on *Woodruff v. S. Cent. Conf. of Seventh Day Adventists* to argue futility by lack of personal jurisdiction. [Dkt. 530 at 6-7 (citing to IP1:03CV0183 SEB/VSS, 2004 WL 612821 (S.D. Ind. Mar. 24, 2004).] Specifically, Odawara argues that, because Tecnomatic does not allege that Odawara Engineering has had any contacts within the state of Indiana, the Court cannot impute Odawara's contacts with Indiana to Odawara Engineering under a veil-piercing theory. [*Id.*] However, *Woodruff*, where the two companies in question do not have a parent-subsidiary relationship, is not pertinent to the case at hand. In *Woodruff*, the plaintiff was attempting to establish personal jurisdiction over a foreign company by virtue of the fact that its president also served as a member of the board of directors of the defendant buyer corporation. 2004 WL 612821 at *1-3. Tecnomatic asserts an entirely different theory in support of its claim.

To assert personal jurisdiction over Odawara Engineering, Tecnomatic relies upon *Wesleyan Pension Fund, Inc. v. First Albany Corp.*, which addresses whether the presumption of

4

independence—that a parent and a subsidiary are institutionally independent when determining whether a subsidiary's contacts with the forum may justify assertion of personal jurisdiction over the parent—can be overcome. 964 F. Supp. 1255, 1261 (S.D. Ind. 1997). *Wesleyan* found in favor of the plaintiff with regard to this question because "[w]here a parent utilizes its subsidiary in such a way that an agency relationship can be perceived, a court may assert personal jurisdiction over the parent," and further, "[a] court may also find jurisdiction over the parent where the parent has greater control over the subsidiary than normally associated with common ownership and directorship." *Id.* (quotations omitted). Tecnomatic interprets this finding to support its assertion that Odawara Engineering's degree of control over Odawara is so pervasive that it is appropriate to overcome the presumption of independence and impute Odawara's contacts with Indiana to Odawara Engineering. [Dkt. 535-1 at 6.]

Indiana's long-arm statute reduces personal jurisdiction analysis to the limitations of the Federal Due Process Clause. *LinkAmerica Corp. v. Albert*, 857 N.E.2d 961, 967 (Ind. 2006). Using this standard, Courts of Appeals across the country have held that "a subsidiary's jurisdictional contacts can be imputed to its parent only when the former is so dominated by the latter as to be its alter ego." *Daimler AG v. Bauman*, 11-965, 2014 WL 113486 (U.S. Jan. 14, 2014); *see also Administrators of Tulane Educ. Fund v. Ipsen, S.A.*, 450 F. App'x 326, 329 (5th Cir. 2011) (contacts of the subsidiary are imputed when the degree of control of a parent company over its subsidiary rises "beyond the subsidiary's mere presence within the bosom of the corporate family"); *United States v. Swiss Am. Bank, Ltd.*, 274 F.3d 610, 627 (1st Cir. 2001) (personal jurisdiction extends to the parent company if (1) there is jurisdiction over the subsidiary and (2) alter ego liability can be established). However, a mere agency relationship

5

between the parent and its subsidiary is not sufficient to establish general jurisdiction. *Daimler*, 2014 WL 113486, at *10.

The Court finds that the pleadings allege a relationship that rises above mere parent-subsidiary agency. Tecnomatic asserts not only that Odawara Engineering is an owner of Odawara but that, on multiple occasions, Odawara Engineering has funded undercapitalized Odawara with needed working capital for day-to-day business obligations, including parking lot repairs, computer replacements, and HVAC repairs. [Dkt. 564-1 at 9.] Additionally, Tecnomatic asserts that Odawara Engineering exercises "an extensive amount of control over the day-to-day operations of Odawara," obligating Odawara to seek authorization prior to making minor purchases, replacing lighting, installing new computer hardware and software, and making corporate resolutions. [*Id.* at 9-10.] Tecnomatic further asserts that Odawara and Odawara Engineering have shared business purposes, shared design services and products, shared personnel and assets, and shared names in an effort that customers identify the two as one entity and ignoring corporate formalities in their business operations. [*Id.* at 10.] Finally, the Court observes Tecnomatic's assertion that Odawara Engineering designed, assembled, and built portions of the equipment that was sent to the Remy Defendants and that Odawara Engineering was aware of Odawara's intention to bid on a project for the Remy Defendants, when Odawara was told that it could copy the tooling on the Tecnomatic equipment that Remy possessed at the time. [*Id.*]

At this point of inquiry, the Court must give due consideration to Tecnomatic, taking all well-pleaded facts as true. *Curtis v. Bembenek*, 48 F.3d 281, 283 (7th Cir. 1995). Assuming all such allegations to be true, one could certainly perceive that "the parent has greater control over the subsidiary that normally associated with common ownership," as discussed by Judge Barker

6

in *Wesleyan* and acknowledged by the Supreme Court in *Daimler*. As this is a valid basis for personal jurisdiction over a parent company, Tecnomatic's proposed addition of Odawara Engineering as a defendant is not futile by reason of lack of personal jurisdiction.

Odawara's next futility argument claims that it is Ohio law, not Indiana law, that should govern the question of whether this Court can pierce Odawara's corporate veil, but that Tecnomatic has met neither the Ohio standard nor the Indiana standard for piercing the corporate veil. [Dkt. 530 at 7-13.] It is true that "[e]fforts to 'pierce the corporate veil' are governed by the law of the state of incorporation." *Stromberg Metal Works, Inc. v. Press Mech., Inc.*, 77 F.3d 928, 933 (7th Cir. 1996). Therefore, because Odawara is an Ohio corporation [dkt. 564-1 at 8], Ohio's standard for piercing the corporate veil applies. In *Dombroski v. Wellpoint, Inc.* the Supreme Court of Ohio recently clarified Ohio's veil-piecing standard: The corporate veil may be pierced when (1) control over the corporation to be held liable "was so complete that the corporation had no separate mind, will, or existence of its own," (2) such control was exercised in "a manner as to commit fraud, an illegal act, or **a similarly unlawful act**" against the party seeking to disregard the corporate entity, and (3) "injury or unjust loss resulted to the plaintiff from such control **and wrong**." 119 Ohio St. 3d 506, 511-13 (2008) (emphasis added). Odawara argues that the second and third prongs of this test are not met.[2]

Before *Dombroski*, the second prong of the test read "in such a manner as to commit fraud or an illegal act." *Dombroski*, 119 Ohio St. 3d at 509 (2008) (quoting *Belvedere Condominium Unit Owners' Assn. v. R.E. Roark Cos., Inc.*, 67 Ohio St.3d 274, 275 (1993)). Appellate courts within Ohio became split on whether this included "unjust or inequitable acts,"

---

[2] The Court finds it significant that Odawara has not argued the first prong of this test, that control over the corporation to be held liable "was so complete that the corporation had no separate mind, will, or existence of its own." This prong alone seems as if it would meet the *Wesleyan* test for finding personal jurisdiction over a parent company, so it is as if Odawara has, quite inadvertently, conceded that this Court has jurisdiction over Odawara Engineering.

7

such as the "alleged bad-faith breach of the insurance contract at issue" in *Dombroski*. The Supreme Court of Ohio found the literal test of *Belvedere* to be "too limited to protect other potential parties from the wide variety of egregious shareholder misdeeds that may occur," so the test now includes acts that are "similarly unlawful" to "fraud or an illegal act." *Dombroski*, 119 Ohio St. 3d 506, 513. Thus, Ohio law limits piercing the corporate veil to instances of "exceptional wrong," not merely "unjust conduct." *Id.*

In this matter, Tecnomatic has alleged Copyright Infringement and Trade Secret Misappropriation against Odawara. [Dkt. 564-1 at 82, 89.] The Trade Secret Misappropriation count includes allegations of "one or more of Theft by deception; Theft by pretext; Theft of property lost, mislaid or delivered by mistake; Misrepresentation by spoken or written words; Misrepresentation inferred by conduct; Misrepresentation by concealment; Breach of duty to maintain secrecy; Inducement of breach of duty to maintain secrecy; Espionage by electronic means; Espionage by other means; and/or Industrial Espionage." [*Id.* at 82-83.] Specifically, Tecnomatic alleges that Odawara was involved in a conspiracy "to obtain access to Tecnomatic's proprietary information under false pretenses and to conceal those activities." [*Id.* at 35.] This transfer of information and property is further alleged to be "part of a concealed continuous course of conduct that included breaches of the [parties' agreements and] false, misrepresentative and/or misleading representations made by Remy, and the individually named Defendants." [*Id.* at 46.] Early in 2007, Odawara allegedly met with the Remy Defendants "to coordinate the reproduction of the Tecnomatic equipment," Odawara "wrote to its parent corporation requesting funding for the project," and Odawara "used the fact that it could copy the existing tooling as a selling point to indicate that both time and engineering resources could be saved." [*Id.* at 49.]

These actions allegedly reflect Odawara's intent to utilize the "best aspects" of Tecnomatic's product and process. [*Id.* at 55.]

Again, at this stage of litigation the Court is bound to take all of Tecnomatic's well-pleaded facts as true. *Curtis*, 48 F.3d at 283. The Court finds that these allegations rise above the level of a merely unjust or inequitable act excluded from Ohio's piercing standard and can easily be contrasted from the "straightforward tort" addressed in *Dombroski*. 119 Ohio St. 3d at 513. Tecnomatic's Proposed Fifth Amended Complaint alleges unlawful acts that contain several intentional acts committed by Odawara, and these alleged acts appear to have been funded directly by Odawara Engineering itself. Such intentional and wrongful acts fall precisely within the newly-expanded second prong of "fraud, an illegal act, or a similarly unlawful act." Therefore, the Court finds that Tecnomatic has met the second prong of the *Dombroski* test.

Odawara lastly argues that the third prong of Ohio's piercing test is not met. [Dkt. 530 at 12.] The plain language of the third prong of the *Dombroski* test clearly states that the injury or loss must be a result of "such control and wrong." Odawara claims that Tecnomatic's Proposed Amended Complaint alleges only that Tecnomatic was damaged by Odawara's purportedly wrongful conduct and not by Odawara Engineering's "control" of Odawara. [*Id.*] However, Tecnomatic alleges that Odawara requesting funding from Odawara Engineering for the Remy project. [Dkt. 564-1 at 49.] Odawara Engineering's practice of funding Odawara's day-to-day operations is an important allegation of the control Odawara Engineering exercises over Odawara. [*Id.* at 9.] A company cannot execute a project without funding, so Tecnomatic has indeed alleged that the harm to Tecnomatic was, at least in part, caused by Odawara Engineering's control over Odawara. Therefore, Tecnomatic has pleaded facts sufficient to

pierce Odawara's corporate veil under Ohio law, and the Court finds that Tecnomatic's Proposed Fifth Amendment is not futile.

### 2.     Prejudice, Undue Delay, and Unnecessary Cost

Odawara further argues that Tecnomatic's motion for leave to amend should be denied because "adding Odawara Engineering is unnecessary and would result in prejudice, undue delay, and unnecessary cost."[3] [Dkt. 530 at 13.] Odawara addresses these three arguments in one half of a page, which does not contain a single citation to case law. [*Id.* at 14.] The Seventh Circuit deems arguments that are "underdeveloped, conclusory, or unsupported by law" as waived. *Puffer v. Allstate Ins. Co.*, 675 F.3d 709, 718 (7th Cir. 2012). *See also United States v. Berkowitz*, 927 F.2d 1376, 1384 (7th Cir.1991) ("[P]erfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority, are waived"). Because Odawara's arguments are undeveloped and unsupported by law or pertinent authority, they are so waived.

### 3.     Specified Pleadings

Lastly, Odawara argues that the Proposed Amended Complaint "improperly lumps Odawara Engineering and Odawara Automation together" and asks that, pursuant to Rule 11, the Court require Tecnomatic to "re-plead, separating which allegations are against Odawara Engineering and which allegations are against Odawara Automation." [Dkt. 530 at 15.] As the Court understands it, the very essence of Tecnomatic's claim against Odawara Engineering is that it has such a high level of control over Odawara that any actions taken by Odawara are essentially the actions of Odawara Engineering. It follows that any "lumping" was presumably intentional, and Tecnomatic, as the "master of the complaint," may organize its complaint as it

---

[3] Under this heading Odawara also attempts to argue that adding Odawara is "unnecessary." [Dkt. 530 at 13-14.] However, this argument is not an exception to the Court's duty to freely grant leave to amend the pleadings. *See Ferguson v. Roberts*, 11 F.3d 696, 706 (7th Cir. 1993). Accordingly, the Court will only address Odawara's further arguments of prejudice, undue delay, and unnecessary cost.

sees fit. *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 164 (1997). Any questions as to the extent of Odawara Engineering's actual involvement with Odawara's actions will be answered during the discovery process.[4] Thusly, the Court **overrules** all of Odawara's objections to Tecnomatic's request to add Odawara Engineering and RVS Direct Services as defendants, and grants Tecnomatic leave to amend its Complaint as proposed.

### B. Tecnomatic's Motion for Leave to Amend Complaint to Add Remy Technologies, LLC as a Defendant

Odawara does "not tak[e] a position as to whether this Court should permit Tecnomatic to add Remy Technologies as a party." [Dkt. 533 at 2.] However, because Tecnomatic's Proposed Fourth Amended Complaint incorporates the Odawara Engineering amendment, Odawara fully adopts and incorporates all opposition to that prior amendment into its response. [*Id.*] The Court has already addressed, and dismissed, these arguments, so the Court will proceed to the Remy Defendants' and the Individual Defendants' response.

In response to Tecnomatic's Motion for Leave to Amend Complaint to Add Remy Technologies, LLC as a defendant [dkt. 519], the Remy Defendants and Individual Defendants do not oppose the request, so long as Remy Technologies, LLC is only added as a defendant on Count X: Correction of Patent Inventorship [dkt. 537]. Tecnomatic does not state outright that it intends to limit the liability of Remy Technologies, LLC to Count X. [*See* dkt. 519.] However, Tecnomatic does state that Remy Technologies, LLC is believed to be a patent holding company, that it was not until the Court granted Tecnomatic leave to add Count X that Tecnomatic became certain of its ability to add Remy Technologies, LLC as a defendant, and that Tecnomatic has "valid claims against the entity claiming ownership rights in the '677 Patent, in this case Remy Technologies, LLC." [Dkt. 519.] Further, Tecnomatic's Proposed Amended Complaint does not

---

[4] To the extent that Odawara alleges a Rule 11 violation, Odawara has waived the argument by not complying with the Rule's requirements for a motion for sanctions. Fed. R. Civ. P. 11(c)(2).

11

include Remy Technologies, LLC within its "Remy" or "Remy Defendants" category. [Dkt. 564-1 at 1.] After that, the Proposed Amended Complaint mentions Remy Technologies, LLC by name in its general fact section discussing the '677 Patent [*id.* at 41-42] and in Count X [*id.* at 104].

Tecnomatic does, however briefly, discuss Remy Technologies, LLC under the "Remy Defendants" heading under the Proposed Amended Complaint's section on Jurisdiction and Venue. [*Id.* at 8.] Tecnomatic also only writes "Against Remy" under the Count X heading, mentioning Remy Technologies, LLC in one sentence of the count alone. [*Id.* at 104.] Given that the Proposed Amended Complaint measures over one hundred pages in length and contains eleven named defendants, the Court acknowledges that Tecnomatic's claims against Remy Technologies, LLC are more convoluted than they can and should be. Accordingly, the Court **grants** Tecnomatic's Motion for Leave to Amend Complaint to Add Remy Technologies, LLC as a defendant, provided that Tecnomatic edits the Count X heading to read "Against Remy and Remy Technologies, LLC" and moves the Remy Technologies, LLC paragraph to no longer fall within the "Remy Defendants" heading of the Jurisdiction and Venue section.

### C. Tecnomatic's Motion for Leave to Amend Pleadings

The Court notes that neither party opposes Tecnomatic's Motion for Leave to Amend Pleadings. [Dkt. 567 at 3 (Odawara); dkt. 573 at 2 (Remy Defendants and Individual Defendants).] Any points raised are revivals of arguments already addressed in the prior sections of this Order. [*See* dkt. 567; dkt. 573.] The Court so **grants** Tecnomatic's unopposed Motion for Leave to Amend Pleadings. [Dkt. 562.]

### III. Conclusion

For the aforementioned reasons, the Court hereby **GRANTS** Tecnomatic's Motion for Leave to Amend Complaint to Add Odawara Engineering and RVS Direct Services as

Defendants [dkt. 505], Motion for Leave to Amend Complaint to Add Remy Technologies, LLC as a Defendant [dkt. 519], and Motion for Leave to Amend Pleadings [dkt. 562]. The Court grants Tecnomatic seven (7) days from the date of this Order to file a Complaint that is consistent with this decision.

      Additionally, this Order has been filed under seal due to the fact that Tecnomatic has filed its Proposed Amended Complaint under seal. Pursuant to the Court's Order dated April 2, 2013, "[a]ny documents sought to be filed under seal in this matter must be accompanied by a separate motion to seal," which must be filed within seven (7) days after the date of any such sealed filing. [Dkt. 424 at 2.] Accordingly, this Order will be unsealed, unless a separate motion to seal the Order is filed within seven (7) days from the date of this Order.

Date: 01/15/2014

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

VIA US MAIL
A. Richard Blaiklock
LEWIS WAGNER, LLP
501 Indiana Ave Suite 200
Suite 200
Indianapolis, IN 46202

Andrew C. Warnecke
Bryan Cave LLP
161 N. Clark Street ste 4300
Chicago, IL 60601-3315

Jason Michael Lee
LEWIS WAGNER LLP
501 Indiana Avenue
Suite 200
Indianapolis, IN 46202

John Carl Trimble
LEWIS WAGNER LLP
501 Indiana Avenue
Suite 200
Indianapolis, IN 46202

13

Justin M. Righettini
BRYAN CAVE LLP
161 North Clark Street
Suite 4300
Chicago, IL 60601

Kara E. F. Cenar
BRYAN CAVE LLP
161 North Clark Street, Suite. 4300
Chicago, IL 60601

Mariangela M. Seale
BRYAN CAVE LLP
161 North Clark Street
Suite 4300
Chicago, IL 60601-3315

S. Patrick McKey
BRYAN CAVE LLP
161 North Clark Street
Suite 4300
Chicago, IL 60601-3315

Scott A. Weathers
KEN NUNN LAW OFFICE
104 South Franklin Rd.
Bloomington, IN 47404

Munjot Sahu
FAEGRE BAKER DANIELS LLP - Indianapolis
300 North Meridian Street
Suite 2700
Indianapolis, IN 46204


Ryan Michael Hurley
FAEGRE BAKER DANIELS LLP - Indianapolis
300 North Meridian Street
Suite 2700
Indianapolis, IN 46204

David M. Allen
FAEGRE BAKER DANIELS LLP - Chicago
311 South Wacker Drive
Suite 4400
Chicago, IL 60606

David P. Irmscher
FAEGRE BAKER DANIELS LLP - Indianapolis
300 North Meridian Street
Suite 2700
Indianapolis, IN 46204

Randall E. Kahnke
FAGRE BAKER DANIELS, LLP
2200 Wells Fargo Center
90 South 7th Street
Minneapolis, MN 55402-3901

Anne L. Cowgur
TAFT STETTINIUS & HOLLISTER LLP
One Indiana Square
Suite 3500
Indianapolis, IN 46204


Jason P. Bichsel
THOMPSON HINE LLP
10050 Innovation Drive
Suite 400
Miamisburg, OH 45342


Nicholas W. Myles
THOMPSON HINE LLP
Austin Landing I
10050 Innovation Drive
Suite 400
Dayton, OH 45342-4934


Thomas A. Knoth
THOMPSON HINE LLP
Austin Landing I
10050 Innovation Drive
Suite 400
Dayton, OH 45342-4934