UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| REMY, INC., | ) |
| Plaintiff, | ) |
| vs. | ) Consolidated Civil Action |
| TECNOMATIC, S.P.A., | ) 1:11-cv-00991-SEB-MJD |
| Defendant. | ) |
| TECNOMATIC, S.P.A., | ) |
| Plaintiff, | ) |
| vs. | ) |
| REMY, INC., REMY INTERNATIONAL, INC., DELCO REMY MEXICO, S.R.L. DE C.V., REMY COMPONENTES S. DE R.L. DE C.V., ODAWARA AUTOMATION, INC., ODAWARA ENGINEERING CO. LTD, RVS DIRECT SERVICES, RICHARD VAN SICKLE, MARK STEPHENSON, KEVIN YOUNG, STUART PERRY, AND DOES 1 - 5, | ) |
| Defendant. | ) |

**ORDER ON TECNOMATIC'S MOTION TO COMPEL**

This matter comes before the Court on Tecnomatic S.p.A.'s ("Tecnomatic") Motion to Compel and for Other Discovery Related Relief, filed on December 16, 2013. [Dkt. 584.] For the following reasons, the Court hereby **GRANTS** in part and **DENIES** in part Tecnomatic's motion.

## I. Background

This is a consolidated case wherein Remy, Inc. ("Remy") initially alleged claims of Breach of Express Warranty, Breach of Implied Warranty, and Revocation of Contract against Tecnomatic in 2008. [Dkt. 584-2 at 2.] Specifically, Remy alleged that it was "forced to buy replacement equipment from various suppliers because the equipment [provided by Tecnomatic] did not work." [*Id.* (quotations omitted).] In 2011, the case was consolidated to include allegations by Tecnomatic that Remy breached a mutual confidentiality agreement, using Tecnomatic's confidential information to improperly replicate its property in a manner that violated several statutes. [*Id.* at 3.]

## II. Discussion

Rule 37 permits a motion to compel a required disclosure upon "evasive or incomplete disclosure, answer, or response." Fed. R. Civ. P. 37(a). A required disclosure, as defined by Rule 26, includes information that a party "may use to support its claims." Fed. R. Civ. P. 26 (a)(1)(A). When there is good cause, "the court may order discovery of any matter relevant" to the issues of the case. Fed. R. Civ. P. 26 (b)(1). This Court has "broad discretion in discovery matters," including the consideration of a motion to compel discovery. *Packman v. Chicago Tribune Co.*, 267 F.3d 628, 646 (7th Cir. 2001) (citing *Kalis v. Colgate-Palmolive Co.*, 231 F.3d 1049, 1056 (7th Cir. 2000)).

Much of Tecnomatic's motion to compel stems from Remy's use of general objections in its interrogatory responses. [*See* dkt. 584-2 at 10, 17, 20, 22, 26, and 28-30.] However, at the outset of the Court's hearing on this motion, Remy withdrew all such general objections to Tecnomatic's First Set of Damages Interrogatories. Further, the Court reminds Remy that it cannot rely on any information at trial that is not disclosed to Tecnomatic, as a defendant has the

right to prepare a defense to the claims against it. *See, e.g. United States v. Cruz-Velasco*, 224 F.3d 654, 663 (7th Cir. 2000); *Tyson v. Trigg*, 50 F.3d 436, 445 (7th Cir. 1995). Accordingly, as of twenty-one days from the date of this Order, Remy's responses shall be presumed complete, and the Court would anticipate excluding any responsive information not provided absent a showing that such information was not and could not have been identified at the time of the response.

Tecnomatic's next cogent grievance pertains to Remy's specific objections to the interrogatories themselves. [*See* dkt. 584-2 at 10, 17, 20, 22, and 26.] Remy similarly withdrew all such specific objections to Tecnomatic's interrogatories, except for two grounds that pertain to Interrogatory No. 1: (1) that it is unduly burdensome and (2) that it is vague and ambiguous. [*See* dkt. 584-3 at 4.]

The far-reaching scope of discovery is not without its limits. The Court may deny discovery when the objecting party demonstrates that "the requested discovery is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure." *Chavez v. DaimlerChrysler Corp.*, 206 F.R.D. 615, 619 (S.D. Ind. 2002). Interrogatory No. 1 subpart (l) requests "all facts and documents establishing damages allegedly incurred by Remy due to the alleged fact that the Production System, or any part thereof, did not work or meet time and/or performance requirements experienced on that date." [*Id.* at 3.] In response, Remy states that "[t]he damages incurred by Remy due to the fact that the Production System, or any part thereof, did not work or meet time and/or performance requirements are addressed in the expert report of Vincent A. Thomas," which Remy incorporates by reference. [*Id.* at 33.] Tecnomatic argues that this response is insufficient and unresponsive because it does not address damage on an incident-by-incident

basis as the interrogatory requested. [Dkt. 584-2 at 10.] In response, Remy asserts that it "can prove its consequential and incidental damages *by any manner which is reasonable* under the circumstances . . . and need not slice and dice its liability and damages claims into thousands of duplicative parts merely to satisfy the curiosity of Tecnomatic." [Dkt. 591 at 6 (emphasis in original).] The Court agrees with Remy and finds this particular request to be unduly burdensome. Remy, as the "master of its own case" against Tecnomatic, has the right to elect its own damages theory, and Tecnomatic must defend the claims as they are raised against it—not as Tecnomatic would wish Remy to raise them. *Bauer v. J.B. Hunt Transp., Inc.*, 150 F.3d 759, 763 (7th Cir. 1998). With regard to Tecnomatic's remaining requests, the fact that the case is voluminous and its discovery burdensome does not portend limited discovery, and the Court overrules Remy's further unduly burdensome objections.

Remy's last remaining objection is that Interrogatory No. 1 subparts (h) and (i) are vague because "properly set up" and "properly operated" are not defined. [Dkt. 584-3 at 3-4.] The Court agrees that these terms could have differing interpretations, so in accordance with the agreement of the parties at the hearing the terms are defined as follows: "properly set up" means "set up in accordance with Tecnomatic's manual regarding how each particular piece of equipment should be set up," and "properly operated" means operated in accordance with Tecnomatic's manual regarding how each particular piece of equipment should be operated." Having sustained Remy's objection and defined the ambiguous phrases, Remy is now able to, and ordered to, provide Tecnomatic with full and complete responses to Interrogatory No. 1 subparts (h) and (i).

In light of the new evidence presented in Remy's Third Supplemental Responses, Tecnomatic additionally moves to compel Remy to produce a prepared Rule 30(b)(6) witness for

an additional deposition, at Remy's expense, free of time restrictions. [Dkt. 584-2 at 10, 17, 19, 20, 22, 27.] The Court invokes its broad discretion and grants the parties leave to conduct further depositions with regard to any newly-disclosed information. As the parties have already been informed, the Court also waives the one day of seven hours deposition duration restriction in this case, as it is "needed to fairly examine the deponent " in light of the multiple claims and voluminous information at issue in this case. Fed. R. Civ. P. 30(d)(1). However, Tecnomatic's request for revisited depositions is granted not because of a material deficiency of the previous deposition or due to bad faith on Remy's part but in light of newly discovered information. Thus, the Court, in its discretion, denies Tecnomatic's request that Remy pay all of the fees and costs associated with such a revisited deposition. *See* Fed. R. Civ. P. 30(d)(3)(C); 37(a)(5)(C).

Finally, Tecnomatic argues that Remy's Third Supplemental Responses do not comply with Rule 33(d). [Dkt. 584-2 at 31.] When a party answers an interrogatory through reference to a business record, the responding party must identify the precise records "in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could." Fed. R. Civ. P. 33(d)(1). However, Tecnomatic is not entitled to further specificity beyond the listing of documents that Remy has provided, unless Remy has already organized the requested information in the requested fashion. *See Cont'l Ins. Co. v. Chase Manhattan Mortgage Corp.*, 59 F. App'x 830, 837-39 (7th Cir. 2003) ("in responding to interrogatories, a party may refer to records, as opposed to providing a narrative, if those records are clearly identified"). Thus, to the extent that Remy's Third Supplemental Responses reference a document, Remy is ordered to provide the Bates Number for each specific document or the pages and line numbers of any deposition testimony that Remy intends to incorporate into its responses

under Rule 33(d). Any such information not specifically incorporated in compliance with this requirement shall be deemed **not** to have been incorporated into the response.

Tecnomatic also makes several arguments relating to the Court's Protective Order and the detrimental effect of having certain documents marked as Highly Confidential. [*See* dkts. 162, 424 (Protective Order).] Specifically, Tecnomatic requests that the Court "de-designate Highly Confidential designations" so that Tecnomatic's representatives may review the documents. [Dkt. 484-2 at 10, 17, 19, 20, 27, and 31.] While the Court agrees that the designation's chilling effect on discovery must be resolved, the parties agree that de-designation is not the proper recourse. Pursuant to the Court's Order dated January 23, 2014, the parties will work together to either submit an agreed proposal or for revision of the Protective Order or will submit individual proposals by February 3, 2014 for consideration by the Court. [Dkt. 602.]

Any further requests by Tecnomatic in its motion to compel not expressly addressed herein are hereby denied.

### III. Conclusion

For the aforementioned reasons, the Court hereby **GRANTS** in part and **DENIES** in part Tecnomatic's Motion to Compel and for Other Discovery Related Relief. [Dkt. 584.] The Court grants Remy twenty-one (21) days from the date of this Order to further supplement its interrogatory responses in a manner consistent with this Order.

Additionally, this Order has been filed under seal due to the fact that Tecnomatic's motion to compel was filed under seal. Pursuant to the Court's Order dated April 2, 2013, "[a]ny documents sought to be filed under seal in this matter must be accompanied by a separate motion to seal," which must be filed within seven (7) days after the date of any such sealed filing. [Dkt.

424 at 2.] Accordingly, this Order will be unsealed, unless a separate motion to seal the Order is filed within seven (7) days from the date of this Order.

Date: 02/03/2014

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

VIA US MAIL TO:

A. Richard Blaiklock
LEWIS WAGNER, LLP
501 Indiana Ave Suite 200
Suite 200
Indianapolis, IN 46202

Andrew C. Warnecke
Bryan Cave LLP
161 N. Clark Street ste 4300
Chicago, IL 60601-3315


Jason Michael Lee
LEWIS WAGNER LLP
501 Indiana Avenue
Suite 200
Indianapolis, IN 46202

John Carl Trimble
LEWIS WAGNER LLP
501 Indiana Avenue
Suite 200
Indianapolis, IN 46202

Justin M. Righettini
BRYAN CAVE LLP
161 North Clark Street
Suite 4300
Chicago, IL 60601


Kara E. F. Cenar
BRYAN CAVE LLP
161 North Clark Street, Suite. 4300
Chicago, IL 60601

Mariangela M. Seale
BRYAN CAVE LLP
161 North Clark Street
Suite 4300
Chicago, IL 60601-3315


S. Patrick McKey
BRYAN CAVE LLP

161 North Clark Street
Suite 4300
Chicago, IL 60601-3315

Scott A. Weathers
KEN NUNN LAW OFFICE
104 South Franklin Rd.
Bloomington, IN 47404


Munjot Sahu
FAEGRE BAKER DANIELS LLP - Indianapolis
300 North Meridian Street
Suite 2700
Indianapolis, IN 46204


Ryan Michael Hurley
FAEGRE BAKER DANIELS LLP - Indianapolis
300 North Meridian Street
Suite 2700
Indianapolis, IN 46204


David M. Allen
FAEGRE BAKER DANIELS LLP - Chicago
311 South Wacker Drive
Suite 4400
Chicago, IL 60606


David P. Irmscher
FAEGRE BAKER DANIELS LLP - Indianapolis
300 North Meridian Street
Suite 2700
Indianapolis, IN 46204

Randall E. Kahnke
FAGRE BAKER DANIELS, LLP
2200 Wells Fargo Center
90 South 7th Street
Minneapolis, MN 55402-3901

Charles P. Rice
BOVERI MURPHY RICE, LLP

210 S. Michigan Street
Suite 400
South Bend, IN 46601

Patrick David Murphy
BOVERI MURPHY RICE LLP
400 Plaza Building
210 South Michigan Street
South Bend, IN 46601


Anne L. Cowgur
TAFT STETTINIUS & HOLLISTER LLP
One Indiana Square
Suite 3500
Indianapolis, IN 46204


Jason P. Bichsel
THOMPSON HINE LLP
10050 Innovation Drive
Suite 400
Miamisburg, OH 45342

Nicholas W. Myles
THOMPSON HINE LLP
Austin Landing I
10050 Innovation Drive
Suite 400
Dayton, OH 45342-4934

Thomas A. Knoth
THOMPSON HINE LLP
Austin Landing I
10050 Innovation Drive
Suite 400
Dayton, OH 45342-4934