UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TECNOMATIC, S.P.A., <br> REMY, INC, <br><br>               Plaintiffs, <br><br>      vs. <br><br> REMY, INC., <br> ODAWARA AUTOMATION, INC., <br> REMY INTERNATIONAL, INC., <br> DELCO REMY MEXICO, S.R.L. DE C.V., <br> REMY COMPONENTES S. DE R.L. DE C.V., <br> 1-5 DOES, <br> TECNOMATIC S.P.A., <br> RICHARD VAN SICKLE, <br> MARK STEPHENSON KEVIN, <br> KEVIN YOUNG, <br> STUART PERRY, <br> REMY TECHNOLOGIES, LLC., <br> RVS DIRECT SERVICES INC., <br><br>               Defendants. | No. 1:11-cv-00991-SEB-MJD |

**ORDER ON TECNOMATIC'S MOTION TO COMPEL**

This matter comes before the Court on Tecnomatic S.p.A.'s ("Tecnomatic") Motion to Compel Regarding Privilege, filed on December 16, 2013. [Dkt. 586.] For the following reasons, the Court hereby **DENIES** Tecnomatic's motion.

**I. Background**

This is a consolidated case wherein Remy, Inc. ("Remy") initially alleged claims of Breach of Express Warranty, Breach of Implied Warranty, and Revocation of Contract against Tecnomatic in 2008. [Dkt. 584-2 at 2.] Specifically, Remy alleged that it was "forced to buy

1

replacement equipment from various suppliers because the equipment [provided by Tecnomatic] did not work." [*Id.* (quotations omitted).] In 2011, the case was consolidated to include allegations by Tecnomatic that Remy breached their Mutual Confidentiality Agreement ("MCA") by using Tecnomatic's confidential information to improperly replicate its property in a manner that violated several statutes. [*Id*. at 3.]

During the discovery process, Tecnomatic has made several requests for production, which encompass several documents that Remy claims are protected by attorney-client privilege ("the Documents"). [Dkt. 592.] The first document, ECF Docket Entry 587-2 at pages two through three ("Document One"), is an email to Remy's in-house counsel and two other individuals. After Remy initially produced Document One without any privilege designation, Remy inadvertently included Document One on a subsequent privilege log. [Dkt. 586-1.] Remy and Tecnomatic have both since acknowledged in their memoranda and at oral argument that Document One is not privileged. [Dkts. 593 at 5, 596-1 at 2.]

ECF Docket Entry 587-2 at pages six through seven ("Document Two"), pages eight through eleven, ("Document Three") and pages four through five ("Document Four") are strings of emails that contain exchanges between a Remy employee and Remy's in-house counsel. In all three documents, only the portions constituting emails sent to in-house counsel or sent by in-house counsel have been redacted on privilege grounds. [Dkt. 583-2 at 6, 8.] The next three documents, ECF Docket Entry 587-2 at pages twelve through thirteen ("Document Five"), pages fourteen through fifteen ("Document Six"), and seventeen through eighteen ("Document Seven"), consist of email exchanges between a Remy employee and in-house counsel, which documents have been withheld in their entirety on privilege grounds. The email exchanges of Document Six are included within Documents Five and Seven, which two documents are

identical and include one additional email from in-house counsel that is not included in Document Six. [Dkt. 587-2 at 12-18.] Finally, ECF Docket Entry 587-2 at page sixteen ("Document Eight"), an email string containing emails between a Remy employee, a paralegal, and in-house counsel, has been withheld in its entirety on privilege grounds.

Tecnomatic filed a Motion to Compel on December 16, 2013 seeking the production of the Documents that Remy has withheld in whole or in part on privilege grounds. [Dkt. 587.] Remy thereafter submitted the Documents to Tecnomatic and to the Court for *in camera* review. Remy retains its claim of privilege under the Court's Order Governing Disclosure of Privileged Documents and pursuant to Rule 502(d) of the Federal Rules of Evidence. [Dkt. 583.] The Court conducted a hearing on the motion on January 23, 2014, which motion the Court now addresses.

## II. Discussion

Rule 26 of the Federal Rules of Civil Procedure allows parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). While Rule 26 generally provides for broad, open discovery, materials may be shielded from discovery in certain instances, such as when they are protected by attorney-client privilege. *See Sandra T.E. v. S. Berwyn Sch. Dist. 100*, 600 F.3d 612, 618 (7th Cir. 2010). Remy has withheld in their entirety, or redacted portions thereof, Documents Two through Eight on the basis of attorney-client privilege. [Dkt. 592 at 2.] Tecnomatic now moves to compel the production of those documents in their entirety, asserting (1) that the Documents are not privileged or, in the alternative, (2) that Remy has waived any privilege claimed with respect to the Documents. [Dkt. 597.]

## A. Attorney-Client Privilege

The purpose of attorney-client privilege is to encourage open and honest communication between clients and their attorneys. *Upjohn Co. v. United States*, 449 U.S. 383, 388 (1981). The attorney-client privilege protects "communications made in confidence by a client and client's employees to an attorney, acting as an attorney, for the purpose of obtaining legal advice." *Sandra*, 600 F.3d at 618. Before finding that a document is privileged, the court must first determine "(1) whether legal advice was sought from an attorney in her capacity as an attorney; and (2) whether any communications between the client and her attorney or attorney's agent were germane to that purpose and made confidentially." *F.D.I.C. v. Fid. & Deposit Co. of Maryland*, 3:11-CV-19-RLY-WGH, 2013 WL 2421770, at *2 (S.D. Ind. June 3, 2013) (citing *Sandra*, 600 F.3d at 618). It is the burden of the party asserting that such privilege exists to "make a *prima facie* showing of these elements." *Id.* (citing *Rockies Express Pipeline LLC v. 58.6 Acres*, 1:08-CV-0751-RLYDML, 2009 WL 5219025, at *3 (S.D. Ind. Dec. 31, 2009)). The court must determine whether a document is privileged on a document-by-document basis. *Long v. Anderson Univ.*, 204 F.R.D. 129, 134 (S.D. Ind. 2001).

Tecnomatic contends that Documents Two through Eight[1] "do not seek legal consultation and merely relay facts." [Dkt. 596-1 at 2-3.] However, the court has reviewed Documents Two through Eight on a document-by-document basis and finds that the communications withheld explicitly request, render, arrange for, or act in furtherance of rendering legal assistance. Such actions fall squarely within the Seventh Circuit standard of a client or client's employees communicating with an attorney, who is acting as an attorney, for the purpose of obtaining or rendering that attorney's legal services, as explicated in *Sandra*. Accordingly, the Court finds

---

[1] Tecnomatic likewise argues that Document 1 is not privileged. However, Remy did not intend to withhold Document One as privileged, and this concession was confirmed at oral argument. [*See* Dkts. 592 at 5, 596-1 at 2.]

that the withheld and redacted portions of Documents Two through Eight are protected by attorney-client privilege.

### B. *Waiver*

Once the protection of attorney-client privilege has been established, the party seeking the production of the privileged communications bears the burden of showing that the withholding party has waived the privilege. *See Rehling v. City of Chicago*, 207 F.3d 1009, 1019 (7th Cir. 2000); *FDIC v. Fid. & Deposit Co of Md.*, 3:11-CV-19-RLY-WGH, 2013 WL 2421770 (S.D. Ind. June 3, 2013). On the issue of waiver, Tecnomatic argues (1) that Remy has implicitly waived attorney-client privilege and (2) that the disclosure of Document One constituted a subject matter waiver of privileged documents.

#### 1. **Implied Waiver**

First, Tecnomatic argues that Remy has implicitly waived attorney-client privilege by putting its in-house counsel's knowledge at issue. [Dkt. 587-1 at 2.] A party waives attorney-client privilege through implication when it "(1) affirmatively places information at issue; (2) the information is relevant to the dispute; and (3) upholding privilege would be unfair, since it would deny the other side vital information." *FDIC*, 2013 WL 2421770, at *4, (citing *Pippenger v. Gruppe,* 883 F. Supp. 1201, 1204 (S.D.Ind. 1994)).

Generally, implied waiver occurs "only if a party uses **privileged communications** to defend itself or attack its opponent." *Treat v. Tom Kelley Buick Pontiac GMC, Inc.*, 1:08-CV-173, 2009 WL 1543651 (N.D. Ind. June 2, 2009) (citing *Claffey v. River Oaks Hyundai*, 486 F.Supp. 2d 776, 778 (N.D. Ill. 2007) (emphasis added). Even where a client's state of mind may be relevant, a client does not waive the attorney-client privilege by implication unless the client relies "specifically on advice of counsel to support a claim or defense." *Harter v. Univ. of Ind.*, 5

F. Supp. 2d 657, 664 (S.D. Ind. 1998). "[T]he possibility that privileged communications could provide the opponent with relevant evidence is **not** a sufficient basis for finding a waiver of the privilege." *Id.* (emphasis added).

To support its allegation of waiver, Tecnomatic cites to *FDIC*, where the plaintiff relied upon the privileged knowledge of its in-house counsel to establish a claim. 2013 WL 2421770. In *FDIC*, the in-house counsel "signed . . . a narrative explanation of loss, **which detailed his** . . . **legal opinion**." *Id.* at *5 (emphasis added). This narrative was filed and relied upon by the plaintiff in *FDIC* to establish its claims. *Id.*

Here, Tecnomatic claims that Remy has put its in-house counsel's knowledge at issue, thereby waiving the privilege of related materials by implication. [Dkt. 587-1 at 2-5.] Specifically, Tecnomatic asserts that Remy's reliance upon a nonprivileged exchange of letters to establish a statute of limitations defense opens the door to the privileged exchanges of letters. [*Id.*] Because this exchange of letters is not privileged, however, the materials allegedly relied upon by Remy are different in kind from the narrative explanation of loss seen in *FDIC*, where otherwise-privileged information, the legal opinion of plaintiff's in-house counsel, was relied upon and submitted in support of the plaintiff's claim. Further, *Treat* and *Claffey* establish that implied waiver can only occur when a party relies on **privileged** material to establish a claim or defense. Remy asserts that it has not relied, and will not rely, on privileged information to establish a statute of limitations defense, so *FDIC* cannot apply to these circumstances.[2]

Additionally, Tecnomatic believes that, by allowing its in-house counsel to answer a question regarding his awareness of the MCA at his deposition, Remy as an entity has waived its privilege regarding such knowledge. [*Id.*] As a general rule, "the power to waive the corporate

---

[2] The Courts trusts that Remy's assertion is in earnest. If at any time, however, Remy does rely on such privileged material in support of a claim or defense in this matter, the Court would readdress the issue if it is so raised.

attorney-client privilege rests with the corporation's management and is normally exercised by its officers and directors." *Commodity Futures Trading Comm'n v. Weintraub*, 471 U.S. 343, 348 (1985). As discussed at oral argument, however, the deposition was not a Rule 30(b)(6) deposition, as the deponent, Remy's in-house counsel, was not testifying on behalf of Remy as an entity. Further, although an attorney may assert privilege on his client's behalf, the attorney-client privilege belongs to the client, not the attorney, and can only be waived by the client. *See Sandra T.E. v. S. Berwyn Sch. Dist. 100*, 600 F.3d 612, 618 (7th Cir. 2010). Thus, the deposition testimony of in-house counsel, with a yes-or-no answer regarding such in-house counsel's awareness of the MCA, cannot waive Remy's attorney-client privilege. Accordingly, the Court finds that Remy has not implicitly waived its attorney-client privilege with regard to Documents Two through Eight.

### 2. Subject Matter Waiver

Tecnomatic also argues that Remy's disclosure of Document One waives privilege for all other documents with regard to the same subject matter. [Dkt. 587-1 at 5.] Rule 502 of the Federal Rules of Evidence grants that a disclosure constitutes a waiver that extends to undisclosed communications if the "disclosure is (1) intentional, (2) the disclosed and undisclosed material concern the same subject matter, and (3) fairness requires considering the material together." *Appleton Papers, Inc. v. E.P.A.*, 702 F.3d 1018, 1026 (7th Cir. 2012) (citing Fed. R. Evid. 502(a)). However, this rule only applies when a party "discloses . . . a portion of **privileged** material." *Id.*

Again, Tecnomatic relies on case law that does not pertain to the matter at hand. [Dkt. 587-1 at 5.] In *Rockies Express Pipeline LLC v. 58.6 Acres*, the plaintiff disclosed a **privileged** document during a deposition. 1:08-CV-0751-RLYDML, 2009 WL 5219025 at *6 (S.D. Ind.

Dec. 31, 2009). at 6.  Here, Tecnomatic bases its argument upon the production of Document One, which the parties agree is not privileged.  [Dkts. 593 at 5, 596-1 at 2.]  Tecnomatic has offered no authority in support of the proposition that disclosure of a **nonprivileged** document can serve as basis for a subject matter waiver as to **privileged** documents.  Therefore, Tecnomatic has not met its burden of proof, and the Court finds that there is no basis for a subject matter waiver of Remy's attorney-client privilege.

### III. Conclusion

For the aforementioned reasons, the Court hereby **DENIES** Tecnomatic's Motion to Compel Regarding Privilege.  [Dkt. 587.]

Date: 06/03/2014

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Patrick David Murphy
BOVERI MURPHY RICE  LLP
pmurphy@bmrllp.com

Charles P. Rice
BOVERI MURPHY RICE, LLP
crice@bmrllp.com

Justin M. Righettini
BRYAN CAVE LLP
justin.righettini@bryancave.com

Kara E. F. Cenar
BRYAN CAVE LLP
kara.cenar@bryancave.com

Mariangela M. Seale
BRYAN CAVE LLP
merili.seale@bryancave.com

S. Patrick McKey
BRYAN CAVE LLP
patrick.mckey@bryancave.com

Andrew C. Warnecke
Bryan Cave LLP
andrew.warnecke@bryancave.com

David M. Allen
FAEGRE BAKER DANIELS LLP - Chicago
david.allen@faegrebd.com

David P. Irmscher
FAEGRE BAKER DANIELS LLP - Indianapolis
david.irmscher@faegrebd.com

Munjot Sahu
FAEGRE BAKER DANIELS LLP - Indianapolis
munjot.sahu@faegrebd.com

Ryan Michael Hurley
FAEGRE BAKER DANIELS LLP - Indianapolis
ryan.hurley@FaegreBD.com

Randall E. Kahnke
FAGRE BAKER DANIELS, LLP
randall.kahnke@faegrebd.com

Scott A. Weathers
KEN NUNN LAW OFFICE
scottw@kennunn.com

Jason Michael Lee
LEWIS WAGNER LLP
jlee@lewiswagner.com

John Carl Trimble
LEWIS WAGNER LLP
jtrimble@lewiswagner.com

A. Richard Blaiklock
LEWIS WAGNER, LLP
rblaiklock@lewiswagner.com

Anne L. Cowgur

TAFT STETTINIUS & HOLLISTER LLP
acowgur@taftlaw.com

Jason P. Bichsel
THOMPSON HINE LLP
jason.bichsel@thompsonhine.com

Nicholas W. Myles
THOMPSON HINE LLP
nicholas.myles@thompsonhine.com

Thomas A. Knoth
THOMPSON HINE LLP
tom.knoth@thompsonhine.com